UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Q.J., a minor, through his parent and legal guardian, J.J., individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>POWERSCHOOL HOLDINGS LLC, et al.,<br><br>            Defendant. | Case No.: 23-CV-5689<br><br>Honorable Jorge L. Alonso |

**DEFENDANT HEAP INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, LACK OF ARTICLE III STANDING AND FAILURE TO AVER FACTS TO DEMONSTRATE PLAUSIBLE CLAIMS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................1

II. FACTUAL BACKGROUND ..........................................................................................2

III. LEGAL STANDARD .....................................................................................................3

IV. ARGUMENT ..................................................................................................................4

    A. This Court Lacks Personal Jurisdiction Over Heap .................................................4

        1. Heap Is Not At Home In Illinois...................................................................5

        2. The Court Does Not Have Specific Personal Jurisdiction Over Heap ..........................................................................................................6

            (a) Heap Did Not Purposefully Direct Its Activities at Illinois.............7

            (b) Plaintiff's Alleged Injuries Do Not Arise From or Relate to Any Illinois Contacts .....................................................................8

            (c) The Exercise of Personal Jurisdiction Over Heap Will Not Comport With Fair Play and Substantial Justice .............................9

    B. All Counts Should Be Dismissed for Failure to State a Claim ..............................10

        1. Plaintiff's Count VII Fails Because Cal. Penal Code § 632.7 Exclusively Applies to Communications Between Telephones, Which Plaintiff Cannot Allege Here............................................................10

        2. Plaintiff's Intrusion Upon Seclusion Claim (Count X) Fails......................12

        3. Plaintiff's Respondeat Superior Claim (Count XIX) Fails .........................14

V. CONCLUSION...............................................................................................................14

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.     **INTRODUCTION**

The Class Action Complaint (Dkt. 1, "Comp,")  alleges Plaintiff Q.J. is a minor from Cook County, Illinois *(id.*, ¶ 12) who has been enrolled at schools operated by Chicago Public Schools. *Id.*, ¶ 13.  Q.J., through his parent and legal guardian, brings this action against Heap, Inc. ("Heap"), a Delaware corporation with its principal place of business in San Francisco, California.  Comp. ¶ 27.  The Complaint lacks any averment of any direct contact between Q.J. and Heap and, as demonstrated by the concurrently filed Declaration of Mary Ly ("Ly Decl."), this Court does not have personal jurisdiction over Heap because Heap has had no significant contacts with Illinois.

Heap is a data analytics and session replay software provider.  Comp. ¶¶ 27 and 28.  The Complaint alleges Heap provided software to Hobsons, Inc. ("Hobsons").  *Id.*, ¶¶ 47, 113. Prior to its acquisition by PowerSchool Holdings in or about March 2021 (*id.,* ¶ 22), Hobsons was a Delaware corporation with its principal place of business in Arlington, Virginia.

There is no basis for general jurisdiction over Heap in Illinois because Heap is not "at home" in Illinois. Indeed, Heap is neither headquartered nor incorporated in Illinois. There is no specific jurisdiction over Heap because there is no adequate connection between Illinois and Plaintiff's claims against Heap.  Hobsons, a Delaware corporation with its principal place of business in Virginia, contracted with Heap to receive it's software analytics tool to use on its Naviance website. This does not provide a basis for personal jurisdiction in Illinois. That Hobsons operated and offered its Naviance platform to others, including, Defendant Chicago Public Schools, is not sufficient to extend personal jurisdiction for the claims alleged in this suit over Heap. The Court should dismiss the Complaint against Heap based on a lack of personal

jurisdiction. Alternatively, if the Court does not dismiss for lack of personal jurisdiction, Heap moves to dismiss Plaintiff's claims because Plaintiff lacks Article III standing to bring these claims and fails to aver facts to state plausible claims. To avoid duplication, Heap adopts and does not repeat here Defendants PowerSchool's and Hobsons' Federal Rule of Civil Procedure, Rule 12(b)(1) and (b)(6) arguments raised in their motion to dismiss. *See* Hon. Judge Jorge L. Alonso's Case Procedures, Multiple Defendants Represented by Different Counsel. Count Five lacks merit against Heap for the same reasons that Count One through Four lack merit against PowerSchool, Hobsons and the other Defendants. Heap is not a state actor. Heap similarly adopts the arguments of PowerSchool and Hobsons regarding why Court Six, Nine, Thirteen, Sixteen and Nineteen fail to state plausible claims.

## II.     FACTUAL BACKGROUND

Heap is a software-as-a-service provider. Ly Decl. ¶ 5; Comp. ¶ 28. Heap is incorporated in Delaware. Ly Decl., ¶ 3. Heap's headquarters were in San Francisco, California until August 21, 2023 and have never been in Illinois. Ly Decl., ¶ 4; Comp. ¶ 27. Hobsons, which was a Delaware corporation with its principal place of business in Arlington, Virginia (Comp. ¶ 23), contracted with Heap to receive Heap's analytics software tool to use on its Naviance platform. Plaintiff asserts Hobsons "embedded and integrated Defendant Heap's software into the Naviance platform" (Comp., ¶ 25) "for the purpose of intercepting, monitoring, capturing, and recording all of the actions, interactions, data transmissions and communications of students while accessing and navigating the Naviance platform" (*id.,* ¶ 113).

Plaintiff, a minor, is a student at various schools operated by Chicago Public Schools. *Id.*, ¶¶ 12-13. He alleges "students enrolled in schools or school districts that have contracted with Defendant PowerSchool Holdings and/or Defendant Hobsons for use of the Naviance platform

were, and continue to be, provided with Naviance accounts through their respective schools or school districts." Comp. ¶ 6. Plaintiff alleges he logged into the Naviance platform while at school or at home "dozens of times." *Id.*, ¶¶ 121-122. Plaintiff does not allege what device he used to log into the platform, or on what device Hobsons received the alleged communications. While logged into the platform, Plaintiff asserts he "completed assessments and surveys and received results and feedback based on his responses thereto, explored college and career goals, input colleges in which he has an interest, input personal goals and ways to achieve them, received recommended 'best fits' based on his 'interest and personal qualities,' viewed standardized test scores, and accessed emails sent to him through, and stored on, the web-based email client within the Naviance platform." *Id.*, ¶ 123. Plaintiff does not allege Heap's software did anything with this data other than make it available to PowerSchool/Hobsons.

Plaintiff argues he "had a reasonable expectation of privacy in his electronic communications, actions, data transmission and interactions within the Naviance platform and did not consent to the interception, monitoring, capture and recording of those communications, actions, data transmissions and interactions or the unauthorized use of that information." *Id.*, ¶ 124. Plaintiff brings claims against Heap for (1) violation of the Fourth Amendment (Count I); (2) conspiracy to deprive constitutional rights (Count II); (3) policy and practice claim (Count V); (4) violation of California Privacy Act Sections 631 (Count VI) and 632 (Count VII); (5) violation of Illinois Eavesdropping Act (Count IX); (6) Intrusion upon Seclusion (Count X); (7) Breach of Contract- Third Party Beneficiaries (Count XIII); (8) Unjust Enrichment (Count XVI); and (9) Respondeat Superior (Count XIX).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of a case where the court

lacks personal jurisdiction over a defendant. *See N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 496 (7th Cir. 2014). A plaintiff bears the burden of establishing personal jurisdiction. *Id*. at 491. Where the complaint's jurisdictional allegations are disputed by "affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo*, 338 F.3d 773, 782-83 (7th Cir. 2003) (citations omitted). If the plaintiff fails to do so, the court "will accept as true any facts in the defendants' affidavits that do not conflict with" evidence introduced by the plaintiff. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 393 (7th Cir. 2020).

Dismissal under Rule 12(b)(6) is warranted if "there is no set of facts consistent with the pleadings under which the plaintiffs could obtain relief." *Marquez v. Weinstein, Pinson & Riley*, P.S., 836 F.3d 808, 812 (7th Cir. 2016); *Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). On a motion to dismiss for failure to state a claim, the Court "takes the plaintiff's factual allegations as true, draws reasonable inferences in the plaintiff's favor, and assesses whether the plaintiff has asserted a plausible basis for relief." *M&E Bakery Holdings, LLC v. Westfield Nat'l Ins. Co.*, 538 F. Supp. 3d 816, 821 (N.D. Ill. 2021) (citations omitted).

IV. **ARGUMENT**

    A. **THIS COURT LACKS PERSONAL JURISDICTION OVER HEAP**

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). A federal court sitting in diversity can exercise jurisdiction over a defendant "only if authorized both by Illinois law and by the United States Constitution." *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011); *see also Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). There is "no operative difference" between the federal and state Constitutions on the limits of personal

jurisdiction. *See Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). The "Illinois long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause . . . so here the state statutory and federal constitutional inquiries merge." *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). To satisfy the Due Process Clause, a defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotations omitted). Minimum contacts exist where "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1984).

### 1. Heap Is Not At Home In Illinois

There are two forms of personal jurisdiction: general and specific. *See Daimler*, 571 U.S. at 126-28; *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1034 (2021). A court has general jurisdiction over a defendant only if that defendant has continuous and systematic connections to the forum state. *See Daimler*, 571 U.S. at 127. General jurisdiction exists when the defendant is so "at home" in the forum state that he or she can be sued there for anything, even a claim that has no nexus to the state at all. *See Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Sporadic interactions with a state do not render a defendant "at home" in that state. *See James v. Lydon*, 2020 U.S. Dist. LEXIS 23907, 2020 WL 704795, at *1 (N.D. Ill. 2020) (finding no general personal jurisdiction because each of the defendants "resides and is domiciled in a state other than Illinois, and none of them has had, at any relevant time, more than a sporadic presence in this state"); *see also Johnson v. Melton Truck Lines, Inc.*, 2016 U.S. Dist. LEXIS 136451, 2016 WL 8711494, at *3 (N.D. Ill. 2016) (concluding that "a few phone calls and

emails" were insufficient for general personal jurisdiction); *Heritage Vintage Invs., LLC v. KMO Dev. Grp., Inc.*, 2015 U.S. Dist. LEXIS 191472, 2015 WL 12838162, at *3 (N.D. Ill. 2015) (holding that even regularly conducted business and travel to Illinois was not enough for general personal jurisdiction). Heap is incorporated in Delaware. Ly Decl., ¶ 3. Heap's headquarters were in San Francisco, California until August 21, 2023 and have never been in Illinois. Ly Decl., ¶ 4; Comp. ¶ 27. Heap has not sought qualifications to conduct business in Illinois. Ly Decl., ¶ 7. Heap is not registered with the Illinois Secretary of State. *Id.*, ¶ 8. Heap does not do business generally or conduct any substantial, systematic, constant, pervasive, or continuous activities in Illinois. *Id.*, ¶ 11. Heap does not and has never had offices or other place of business in Illinois. *Id.*, ¶ 12. It does not have a bank account in Illinois, does not have a mailing address, telephone number, or fax listing in Illinois, and does not own or control any personal or real property in Illinois. *Id.*, ¶¶ 13, 15-16. Finally, Heap does not have an authorized agent to receive service of process in Illinois. *Id.*, ¶ 14. The paradigm bases for finding general jurisdiction are not present in this case. Heap sells its product to businesses. *Id.*, ¶ 6. "A corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 571 U.S. at 139 n. 20. Heap is not at home in Illinois.

        2.      *The Court Does Not Have Specific Personal Jurisdiction Over Heap*

A court has specific jurisdiction "when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities." *Mobile Anesthesiologists Chicago*, 623 F.3d at 444; *see also Daimler*, 571 U.S. at 127. Specific jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 564 U.S. at 919 (internal citations and quotations omitted). That is, the relationship between the defendant and the forum "must arise out of contacts that the

defendant *[it]self* creates with the forum." *Curry*, 949 F.3d at 396 (quoting *Walden*, 571 U.S. at 277). A plaintiff must allege "injury *and* 'something more' directed at the state before jurisdiction over a foreign defendant may be considered proper." *Tamburo*, 601 F.3d at 706 (emphasis in original).

Even if the defendant purposefully directed suit-related conduct at the forum state, the Court's exercise of specific personal jurisdiction must also comply with "traditional notions of fair play and substantial justice" under the Due Process Clause. *Tamburo*, 601 F.3d at 702; *see also Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012).

### (a) *Heap Did Not Purposefully Direct Its Activities at Illinois*

The Complaint is devoid of any allegations demonstrating Heap directed any activity at Illinois. To the contrary, Plaintiff alleges wrongful conduct occurred in California. Comp. ¶ 197 ("Defendant Heap's and Defendant PowerSchool Holdings' violations of the CIPA…occurred in California."). Courts dismiss software providers for lack of personal jurisdiction in states where, as here, the only contact was the plaintiff's residence. *Hasson v. Fullstory, Inc.*, 2023 U.S. Dist. LEXIS 127761, *8, 2023 WL 4745961 (W.D. Pa. July 25, 2023) (no personal jurisdiction over session replay provider because the provider did not expressly aim its software at the forum state); *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 513 (C.D. Cal. 2021); *Sacco v. Mouseflow, Inc.*, 2022 WL 4663361, at *4 (E.D. Cal. Sept. 30, 2022); *Massie v. Gen. Motors Co.,* 2021 WL 2142728, at *8 (E.D. Cal. May 26, 2021) (same); *see also Mikulsky v. Noom, Inc.*, 2023 U.S. Dist. LEXIS 124719, 2023 WL 4567096, at *9 (S.D. Cal. July 17, 2023).

In *Saleh*, as here, the plaintiff alleged that third-party's session replay software "wiretapp[ed]" his communications on a retailer's website. *Id*. *Saleh* held that there was no personal jurisdiction over the third-party vendor because the plaintiff had pled no facts demonstrating that the third party "expressly aimed" its software service at California. *Id*. at 515.

The court held it was not enough to allege that Nike's website was "accessible to California residents" or that "it was foreseeable [that the third-party's] services would be used to record California users," because such allegations arose from actions by the website owner (in that case, Nike), not the third-party vendor. *Id.* at 514–15. The *Hasson* court, following the reasoning in *Saleh,* held there was no personal jurisdiction over the session replay provider, explaining: "[the session replay provider] did not expressly aim its software at Pennsylvania. [The session replay provider] contracted with a Texas company to embed software on its website, and the information that was captured from [company's] website was received by [the company]. Mere operation of a website does not cause a website provider (or a third-party vendor) to expressly aim its conduct at the forum state." *Hasson*, 2023 U.S. Dist. LEXIS 127761, *5-6. Similarly, in *Massie v. Gen. Motors Co.*, the court dismissed a session replay provider for lack of personal jurisdiction because the "alleged contractual relationship with, and provision of software to [the website operator]" was aimed "outside of [the forum], at [the website operator] and its websites." 2021 WL 2142728, at *8.

Just like the session replay providers in *Hasson* and *Saleh*, Heap *did not expressly aim* its software *at* Illinois. Heap sells analytics software product to businesses, like Hobsons. Ly Decl. ¶ 6. Heap does not advertise, market, or sell its products and services directly to consumers (*id.*, ¶ 9) and *does not direct* advertising or marketing *specifically* at Illinois (*id.*, ¶ 10). Heap simply provided its analytics tool to Hobsons, a Delaware corporation which at that time had its principal place of business in Arlington, Virginia. Comp. ¶ 23. That Plaintiff resides in Illinois and allegedly suffered harm in Illinois is insufficient as a matter of law. The alleged harm, if any, "would have occurred no matter the state Plaintiff was in." *Sacco*, 2022 WL 4663361, at *5.

>  (b)  *Plaintiff's Alleged Injuries Do Not Arise From or Relate to Any Illinois Contacts*

Illinois cannot exercise jurisdiction over Heap simply because of the incidental fact Plaintiff is an Illinois resident who used one of Heap's customers' platforms. "[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales de Colombia, SA. v. Hall,* 466 U.S. 408, 417 (1984). Plaintiff cannot establish jurisdiction by imputing his relationship with one of Heap's clients, *i.e.,* Hobsons, to Heap. Heap does not do business generally or conduct any substantial, systematic, constant, pervasive, or continuous activities in Illinois. Ly Decl. ¶ 11. Heap does not and has never had offices or other place of business in Illinois. *Id.*, ¶ 12. It does not have a bank account in Illinois, does not have a mailing address, telephone number, or fax listing in Illinois, and does not own or control any personal or real property in Illinois. *Id.*, ¶¶ 13, 15-16. Heap does not have an authorized agent to receive service of process in Illinois. *Id.*, ¶ 14. Plaintiff's claims do not arise from relevant contacts between Heap and Illinois.

### (c) The Exercise of Personal Jurisdiction Over Heap Will Not Comport With Fair Play and Substantial Justice

Heap would face substantial burden defending Plaintiff's claims because it has no continuous presence in Illinois and its principal place of business is in California, where potential witnesses, computer servers, documents, and other evidence related to the claims alleged in this suit are located. Ly Decl. ¶ 18; *see also Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113 (1987) ("A court must consider the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief. It must also weigh in its determination the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies.") (citations and quotations omitted). Illinois has an inferior interest to California in adjudicating

claims against a non-resident defendant without minimum Illinois contacts for alleged wrongful acts that Plaintiff alleges took place in California. *See* Comp. ¶ 197 ("Defendant Heap's and Defendant PowerSchool Holdings' violations of the CIPA, as alleged herein, occurred in California."); *see also id.* ¶¶ 110, 208. Plaintiff will not be left without a remedy as there is no jurisdictional barrier to the pursuit of his claims against Heap in a proper forum. Illinois is not that proper forum. Plaintiff's claims should be dismissed.

### B. ALL COUNTS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

#### 1. Plaintiff's Count VII Fails Because Cal. Penal Code § 632.7 Exclusively Applies to Communications Between Telephones, Which Plaintiff Cannot Allege Here

Plaintiff's claim under Cal. Penal Code § 632.7 fails as a matter of law because the statute does not apply to the internet tracking activity at issue in this case. *See Licea v. Cinmar, LLC*, 2023 WL 2415592, at *11-12 (C.D. Cal. Mar. 7, 2023)(dismissing Plaintiff's § 632.7 claim with prejudice because plaintiff cannot amend the complaint "to allege that communication through a website chat feature is between two telephones"); *Valenzuela v. Keurig Green Mt., Inc.*, 2023 U.S. Dist. LEXIS 95199, *15 (N.D. Cal. May 24, 2023) (dismissing § 632.7 claims as the statute does not contemplate "internet communications between a smart phone and an unspecified device on Defendant's end."). Indeed, Plaintiff's § 632.7 claim "is foreclosed by the plain language of the statute." *Byars v. Hot Topic, Inc.*, 2023 U.S. Dist. LEXIS 24985, 2023 WL 2026994, at *10 (C.D. Cal. Feb. 14, 2023). "The unambiguous meaning of the statute is [] that it only applies to communications involving two telephones." *Id.*

Cal. Penal Code § 632.7 states:

> [e]very person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between [1] two cellular radio telephones, [2] a cellular radio telephone and a landline telephone, [3] two cordless telephones, [4] a cordless telephone and a landline

> telephone, or [5] a cordless telephone and a cellular radio telephone, shall be punished by fines or imprisonment.

Cal. Pen. Code § 632.7(a). "According to this list of included types of telephones, the communication must have a cellular radio or cordless telephone on one side, and a cellular radio, cordless, or landline telephone on the other side." *Montantes v. Inventure Foods*, 2014 WL 3305578, *4 (C.D. Cal. July 2, 2014). In other words, § 632.7 applies only to "a narrow set of communication over telephone technology." *Cinmar*, 2023 WL 2415592, at *13. Courts have held that § 632.7 does not apply to internet communications. *Cinmar*, 2023 WL 2415592, at *11-12; *Valenzuela*, 2023 U.S. Dist. LEXIS 95199, *15 (declining "to engage in statutory re-writing to update § 632.7 for the internet era by interpreting 'landline' broadly").

In *Cinmar*, the court analyzed the plain text of the statute, the legislative history, and amendment history in holding that § 632.7 unambiguously does not extend protection to communications over the internet and only applies to the five types of calls enumerated in the text. *Cinmar*, 2023 WL 2415592, at *11-13; *see also Hot Topic*, 2023 WL 2026994, at *10 ("The unambiguous meaning of the statute is thus that it only applies to communications involving two telephones."); *Valenzuela,* 2023 U.S. Dist. LEXIS 95199, *15 ("Section 632.7 prohibits interception or recording of a communication between two phones.") The legislative history "establish[es] that [S]ection 632.7 responded to concerns that existing law did not prohibit the recordation of communications involving a cellular or cordless telephone," in spite of the fact that it was "illegal to intercept or record a conversation between traditional telephones." *Smith v. LoanMe, Inc.,* 11 Cal.5th 183, 196 (2021).

The *Cinmar* court additionally found that use of computer functions on a smart phone, such as accessing a website and using the chat feature, "falls outside of the scope of section 632.7." *Cinmar*, 2023 WL 2415592, at *11-13 ("Even assuming Plaintiffs used a smart phone in

their conversation with Defendant, the Court agrees with the reasoning in *Mastel v. MiniClip* that 'although iPhones contain the word 'phone' in their name,' Plaintiff was using 'a feature of the portion of the iPhone that functions as a computer, not the phone.'") (quoting 549 F. Supp. 3d at 1135). The *Hot Topic* court similarly held that "Plaintiff's allegations all relate to text-based web communications regarding a chat feature on a website, which virtually by definition cannot involve two telephones." 2023 WL 2026994, at *10. This Court should decline Plaintiff's invitation to re-write the statute. *Valenzuela*, 2023 U.S. Dist. LEXIS 95199, *15 (rejecting Plaintiff's argument that Section 632.7 applies to messages sent via chat feature; "Plaintiff again invites the Court to engage in statutory re-writing to update § 632.7 for the internet era by interpreting 'landline' broadly. But that is not this Court's role. The statute has clear terms."). Plaintiff alleges Heap "accomplished its eavesdropping and recording through the use of an electronic amplifying or recording device or devices, including: (a) its JavaScript code that was embedded and integrated into the Naviance platform; (b) its web servers; and (c) its computer code and programs that it utilized in connection with Plaintiff's and Class members' actions, interactions, data transmissions and communications within the Naviance platform." Comp. ¶ 205. Plaintiff does not allege communications between two telephones. His claims fail as a matter of law.

### 2. Plaintiff's Intrusion Upon Seclusion Claim (Count X) Fails

The common law tort of intrusion upon seclusion requires "(1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) an intrusion that is highly offensive or objectionable to a reasonable person; (3) that the matter upon which the intrusion occurs is private; and (4) the intrusion causes anguish and suffering." *Jacobson v. CBS Broad., Inc.,* 2014 IL App (1st) 132480, 386 Ill. Dec. 12, 19 N.E.3d 1165, 1180 (Ill. App. Ct. 2014). Plaintiff's claim fails for multiple reasons.

*First,* examples of inherently private facts include "a person's financial, medical, or sexual life, or a peculiarly private fact of an intimate[,] personal nature." *Acosta v. Scott Labor LLC*, 377 F. Supp. 2d 647, 650 (N.D. Ill. 2005) (quoting *Green v. Chicago Tribune Co.*, 286 Ill. App. 3d 1, 18, 675 N.E.2d 249, 260 (1996)). Plaintiff's allegations do not involve these types of sensitive information. Comp. ¶ 123.

*Second,* Heap simply provides an internet analytics tool to PowerSchool/Hobsons for it to capture the actions taken by users interacting with its platform. Like security cameras and voice recorders, analytics tools help customers improve their website's users' experience. This is a routine commercial practice not amounting to a "highly offensive" conduct. *See McCoy v. Alphabet, Inc.*, No. 20-cv-05427-SVK, 2021 WL 405816, at *7 (N.D. Cal. Feb. 2, 2021) ("courts have characterized the collection and disclosure of [personal information about the users of a technology] as 'routine commercial behavior'") (citation omitted); *In re Google, Inc. Privacy Policy Litig.*, 58 F. Supp. 3d 968, 988 (N.D. Cal. 2014) ("courts in this district have consistently refused to characterize the disclosure of common, basic digital information to third parties as serious or egregious violations of social norms"); *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012) (disclosure of digital identification information such as users' browsing histories does not establish a common law claim for invasion of privacy); *Folgelstrom v. Lamp Plus, Inc.*, 195 Cal.App.4th 986, 992 (2011) (defendant's collection of the plaintiff's address without his knowledge or permission, and use of it to mail him coupons and other advertisements, not an egregious breach of social norms, but rather "routine commercial behavior."). There are no allegations either Hobsons or Heap use Plaintiff's information for improper purposes. Plaintiff does not allege highly offensive conduct.

*Third*, Plaintiff alleges, "[a]s a direct and proximate result of the above acts of Defendant

Heap, Plaintiff and Class members sustained injuries, damages and anguish and otherwise suffered." Comp. ¶ 253. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff does not provide facts to support his allegation he experienced "anguish and suffering." Plaintiff's intrusion of privacy claim should be dismissed.

### 3. Plaintiff's Respondeat Superior Claim (Count XIX) Fails

Respondeat superior does not furnish an independent cause of action. *See Wilson v. Edward Hosp.*, 2012 IL 112898, 981 N.E.2d 971, 980, 367 Ill. Dec. 243 (Ill. 2012) ("We conclude that actual agency and apparent agency are not causes of action ...."); *O'Bryan v. Holy See*, 556 F.3d 361, 370 n.1 (6th Cir. 2009) ("Plaintiffs also plead a separate cause of action titled 'Respondeat Superior Liability.' However, respondeat superior is not a cause of action. It is a basis for holding the [defendant] responsible for the acts of its agents."); *Winn v. City of Chicago*, No. 20 C 5246, 2022 U.S. Dist. LEXIS 3465, 2022 WL 80272, at *7 (N.D. Ill. Jan. 6, 2022) ("[T]he court agrees that respondeat superior is not a basis for an independent claim; it is instead a theory on which the City can be held liable for torts committed by officers."); *Jones v. UPS Ground Freight, Inc.*, No. 15 C 7991, 2016 U.S. Dist. LEXIS 26865, 2016 WL 826403, at *3 (N.D. Ill. March 3, 2016) ("UPS is correct— respondeat superior is not by itself a cause of action."). Plaintiff pleads *respondeat superior* as a standalone claim, not a theory of liability. This claim must be dismissed.

## V. CONCLUSION

For the foregoing reasons and the reasons set forth in Defendants PowerSchool Holdings, LLC and Hobsons, Inc. Motion to Dismiss and hereby adopted by Heap, Plaintiff's Complaint must be dismissed in its entirety.

Date: December 21, 2023                    Defendant Heap, Inc.


                                           By: /s/ Josh M. Kantrow
                                               Josh M. Kantrow


                                                         Josh M. Kantrow
                                           Lewis Brisbois Bisgaard & Smith LLP
                                                      550 West Adams Street
                                                                   Suite 300
                                                          Chicago, IL 60661
                                                             (312) 463-3445
                                                             (312) 345-1778
                                           Josh.kantrow@lewisbrisbois.com


                                   Jon P. Kardassakis (*pro hac vice forthcoming*)
                                           LEWIS BRISBOIS BISGAARD & SMITH LLP
                                                  633 West 5th Street, Suite 4000
                                                     Los Angeles, California 90071
                                                                    213.250.1800
                                                                    213.250.7900
                                           Jon.Kardassakis@lewisbrisbois.com


**CERTIFICATE OF SERVICE**

     I certify that on December 21, 2023, I electronically filed the foregoing document and any such attachments with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

                                           */s/ Josh M. Kantrow*
                                           Josh M. Kantrow