IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Q.J., a minor, through his parent and legal guardian, J.J., individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> -vs-<br><br>POWERSCHOOL HOLDINGS LLC, *et al.*,<br><br>    Defendants. | Case No.: 1:23-cv-05689<br><br>Hon. Jorge L. Alonso |

**AGREED ORDER**

  1. On December 21, 2023: (a) Defendant PowerSchool Holdings LLC, on behalf of itself and Defendant Hobsons, Inc. (collectively, "PowerSchool") filed "[The PowerSchool] Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(1) and 12(B)(6)" (Dkt. 44); (b) Defendant Heap Inc. ("Heap") filed "Defendant Heap's Motion to Dismiss for Lack of Personal Jurisdiction, Lack of Article III Standing and Failure to Aver Facts to Demonstrate Plausible Claims" (Dkt. 37); and (c) Defendant Board of Education for the City of Chicago, also known as Chicago Public Schools, filed "Defendant Board of Education of the City of Chicago's Motion to Dismiss or Strike" (Dkt. 41). Defendants' motions to dismiss are collectively referred to as the "Motions to Dismiss."

135190779.1

2. Each Defendant has adopted and incorporated PowerSchool's Fed. R. Civ. P. 12(b)(1) motion into its respective motion to dismiss. *See* Dkt. 45 at 16, n.8[1]; Dkt. 37 at 4; Dkt. 42 at 2.

3. On January 3, 2024, the Court entered an Order setting the following briefing schedule on the Motions to Dismiss: (a) Plaintiff to file his responses by February 2, 2024; and (b) Defendants to file their respective replies by February 16, 2024. Dkt. 49.

4. In connection with Defendants' Fed. R. Civ. P. 12(b)(1) motion and Heap's Fed. R. Civ. P. 12(b)(2) motion, Defendants rely on facts outside of the Complaint. *See, e.g.*, Dkt. 37-1 (Declaration of May Ly in Support of Heap Inc.'s Motion to Dismiss); Dkt. 45-2 (Declaration of Amy Reitz in Support of [PowerSchool's] Motion to Dismiss the Complaint).

5. On January 11, 2024, Plaintiff filed Plaintiff's Unopposed Motion to Stay Briefing of Defendants' Motions to Dismiss, wherein Plaintiff requested that the Court: (a) strike the previously-entered briefing schedule regarding the Motions to Dismiss to give the parties the opportunity to meet and confer regarding jurisdictional discovery in connection with the Motions to Dismiss; and (b) direct the parties to either submit a proposed agreed order regarding jurisdictional discovery or a proposed briefing schedule for any motion regarding jurisdictional discovery. Dkt. 50.

6. On January 17, 2024, the Court struck the previously-entered briefing schedule on the Motions to Dismiss and ordered the parties to either file an agreed proposed order regarding jurisdictional discovery or a proposed briefing schedule regarding any motion for jurisdictional discovery. Dkt. 52.

---

[1] Citations to docketed entries are to the CM/ECF-stamped page numbers.

7. After meeting and conferring, the parties have agreed to engage in discovery limited to the jurisdictional issues raised in Defendants' pending Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(2) motions to dismiss (*see* Dkt. 37, 41, 44).

IT IS HEREBY ORDERED:

1. In connection with Defendants' pending Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(2) motions to dismiss (Dkt. 37, 41, 44), the parties are permitted to engage in discovery limited to the jurisdictional issues raised therein – namely, consistent with Fed. R. Civ. P. 26(b)(1), the parties may obtain discovery that is relevant to the jurisdictional issues raised in each of those motions and proportional to the needs of the case.[2]

2. On or before March 11, 2024, the parties shall file a Joint Status Report regarding the status of jurisdictional discovery. The Joint Status Report shall include a summary of the discovery that has taken place as of the date of the Joint Status Report and any issues related thereto, a description of additional discovery, if any, that any party seeks to take, and a proposed date for jurisdictional discovery to be completed.

Dated: January 29, 2024

JORGE L. ALONSO
United States District Judge

---

[2] For the avoidance of doubt, the parties reserve all rights to object to the scope of any discovery requests propounded that exceed the permissible scope, are overbroad, unduly burdensome, or for any other basis.

AGREED TO:

By: */s/ Scott R. Drury*
    Scott R. Drury
    DRURY LEGAL, LLC
    6 Carriage Lane
    Highwood, IL 60040
    (312) 358-8225
    scott@drurylegal.com

    *Counsel for Plaintiff and Putative Class Members*

By: */s/ Martin L. Roth*
    Martin L. Roth, P.C.
    Alyssa C. Kalisky
    Amelia H. Bailey
    KIRKLAND & ELLIS LLP
    300 North LaSalle
    Chicago, IL 60654
    (312) 862-2000
    (312) 862-2200
    martin.roth@kirkland.com
    alyssa.kalisky@kirkland.com
    amelia.bailey@kirkland.com

    Olivia Adendorff, P.C.
    (*pro hac vice forthcoming*)
    KIRKLAND & ELLIS LLP
    4550 Travis Street
    Dallas, TX 75205
    (214) 972-1770
    olivia.adendorff@kirkland.com

    *Counsel for PowerSchool Holdings LLC and Hobsons, Inc.*

By: */s/ Josh M. Kantrow*
    Josh M. Kantrow
    LEWIS BRISBOIS BISGAARD & SMITH LLP
    550 West Adams Street
    Suite 300
    Chicago, IL 60661
    (312) 463-3445
    (312) 345-1778
    Josh.kantrow@lewisbrisbois.com

    Jon P. Kardassakis
    (*pro hac vice forthcoming*)
    LEWIS BRISBOIS BISGAARD & SMITH LLP
    633 W. 5th Street
    Suite 4000
    Los Angeles, CA 90071
    (312) 680-5040

          (312) 250-7900
          Jon.kardassakis@lewisbrisbois.com

          *Counsel for Heap Inc.*


By: */s/ Christopher J. Esbrook*
          Christopher J. Esbrook
          Zachary L. Sorman
          Esbrook, P.C.
          321 N. Clark, Suite 1930
          Chicago, IL 60654
          (312) 319-7680
          christopher.esbrook@esbrook.com
          zachary.sorman@esbrook,com

          *Counsel for Board of Education of the City of Chicago*