**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| Q.J., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-vs-<br><br>POWERSCHOOL HOLDINGS LLC, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No.: 1:23-cv-05689<br>)<br>)  Hon. Jorge L. Alonso<br>)<br>)<br>)<br>)<br>) |

## JOINT STATUS REPORT ON DISCOVERY

Pursuant to the Court's April 22, 2024 and May 2, 2024 Orders (Dkt. 63, 65), Plaintiff Q.J. and Defendants PowerSchool Holdings LLC ("PowerSchool"); Hobsons, Inc. ("Hobsons")[1]; Heap Inc. ("Heap") and Board of Education of the City of Chicago (the "Board") (defendants, collectively, "Defendants") (Plaintiff and Defendants, collectively, the "Parties"), by and through their undersigned attorneys, submit this Joint Status Report on Discovery.

## I.  Discovery Completed to Date

### A.  Overview

On December 21, 2023: (a) Defendant PowerSchool filed "Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(1) and 12(B)(6)" (Dkt. 44); (b) Defendant Heap filed "Defendant Heap Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction, Lack of Article III

---

[1] PowerSchool states that Hobsons is a dissolved entity and therefore improperly named in the Complaint. Plaintiff disagrees.  For the sake of clarity, and unless otherwise stated, PowerSchool and Hobsons are collectively referred to as "PowerSchool" throughout this Status Report.

Standing and Failure to Aver Facts to Demonstrate Plausible Claims") (Dkt. 37); and (c) Defendant Board filed "Defendant Board of Education of the City of Chicago's Motion to Dismiss or Strike" (Dkt. 41). On January 17, 2024, the Court stayed briefing of each motion to dismiss and ordered the Parties to file an agreed proposed order regarding jurisdictional discovery or a proposed schedule regarding any motion for such discovery. Dkt. 52. On January 29, 2024, the Court entered the Parties' proposed Agreed Order regarding jurisdictional discovery. Dkt. 53.

On February 1, 2024, Plaintiff served the following written discovery:

a.  Plaintiff's First Set of Interrogatories with Respect to Jurisdictional Issues to Defendants PowerSchool [Holdings] LLC; Hobsons, Inc.; Heap Inc.; and Board of Education of City of Chicago (the "Interrogatories");

b.  Plaintiff's First Set of Requests for Production of Documents to Defendants PowerSchool Holdings LLC and Hobsons, Inc. (the "PowerSchool RFPs")[2];

c.  Plaintiff's First Set of Requests for Production of Documents with Respect to Jurisdictional Issues to Defendant Board of Education of City of Chicago (the "Board RFPs"); and

d.  Plaintiff's First Set of Requests for Production of Documents with Respect to Jurisdictional Issues to Defendant Heap Inc. (the "Heap RFPs").

On March 4, 2024: (a) PowerSchool served written responses to the Interrogatories and PowerSchool RFPs; and (b) the Board served written responses to the Interrogatories and Board RFPs. By agreement, on March 6, 2024, Heap served written responses to the Interrogatories and Heap RFPs.

On April 5, 2024, Heap produced 53 pages of documents that are publicly-available on its website. Heap has since indicated that it has at least 198 pages of documents to produce. Heap has withheld production of documents it deems confidential, pending the entry of a confidentiality order. On April 8, 2024, Plaintiff offered to treat as confidential any documents deemed

---

[2] The PowerSchool RFPs related to jurisdictional issues.

confidential by Heap, pending entry of a confidentiality order. *See* Dkt. 59-2 at CM/ECF 2 (email correspondence). Heap did not accept the offer. The full extent of Heap's remaining document production is unclear to Plaintiff.

PowerSchool and the Board have not yet produced any documents

**B.     The Meet and Confers and the Withdrawal of the Fed. R. Civ. P. 12(b)(1) Motion to Dismiss**

**1.     Plaintiff and PowerSchool**

On March 12, 18, 22 and 27, 2024, counsel for Plaintiff and PowerSchool met and conferred regarding PowerSchool's initial responses to the Interrogatories and PowerSchool RFPs. PowerSchool subsequently served amended responses to the: (a) PowerSchool RFPs on April 5, 2024; and (b) Interrogatories on April 10, 2024. On April 19, 2024, counsel for PowerSchool provided their initial proposed ESI custodians and search terms. Following an April 20, 2024 discovery letter from Plaintiff's counsel regarding PowerSchool's amended discovery responses and ESI proposals, counsel for Plaintiff and PowerSchool met and conferred on April 26, 2024.

During a May 1, 2024 meet and confer, counsel for PowerSchool informed Plaintiff's counsel that PowerSchool were withdrawing their Fed. R. Civ. P. 12(b)(1) motion to dismiss in which Defendants Heap and the Board had joined. The withdrawal of the motion mooted numerous discovery disputes between Plaintiff and PowerSchool. As is discussed in more detail below, on May 3, 2024, Plaintiff's counsel informed counsel for PowerSchool of the discovery requests for which responses were still needed in connection with Heap's Fed. R. Civ. 12(b)(2) motion to dismiss.

### 2. Plaintiff and Heap

On March 15 and 18, 2024, counsel for Plaintiff and Heap met and conferred regarding Heap's responses to the Interrogatories and Heap RFPs. On March 22, 2024, Plaintiff's counsel sent a letter to Heap's counsel summarizing the meet and confers and requesting that Heap: (a) provide its proposed ESI custodians and search terms by March 27, 2024; and (b) provide follow-up information regarding its responses to the Interrogatories and Heap RFPs on or before March 29, 2024. Plaintiff's counsel followed up on the request on April 15, 2024, after having not heard back from Heap's counsel.

On April 19, 2024, Heap's counsel informed Plaintiff's counsel by email that Heap was working on supplemental discovery responses and anticipated serving them during the week of April 22, 2024, which it did not do. On May 1, 2024 Heap served supplemental responses to the Interrogatories and Heap RFPs. Heap is in the process of producing additional documents on May 6, 2024.

On May 3, 2024, following the withdrawal of Defendants' Fed. R. Civ. P. 12(b)(1) motion, Plaintiff's counsel identified the discovery requests that relate to Heap's Fed. R. Civ. P. 12(b)(2) motion. On May 5, 2024, Plaintiff's counsel: (a) sent a letter to Heap's counsel regarding what Plaintiff contends are numerous remaining deficiencies with Heap's responses to the Interrogatories and Heap RFPs relating to Heap's Rule 12(b)(2) motion, including deficiencies where it appears the parties have reached impasse; and (b) requested to meet and confer on all issues described in the letter. Heap disagrees with Plaintiff's contentions. Counsel for Plaintiff and Heap are scheduled to meet and confer on May 10, 2024. Once the full scope of unresolved disputes is known, Plaintiff anticipates that a motion to compel may be needed.

### 3.     Plaintiff and the Board

On March 13 and 20, 2024, counsel for Plaintiff and the Board met and conferred regarding the Board's responses to the Interrogatories and Board RFPs. On March 25, 2024, Plaintiff's counsel sent a letter to the Board's counsel summarizing the meet and confers and the agreements reached therein. On April 9, 2024, the Board's counsel followed up by letter regarding the meet and confers and Plaintiff's counsel's March 25, 2024 letter. On April 16, 2024, Plaintiff's counsel sent a letter to the Board's counsel that, among other things, identified discovery disputes that had not yet been resolved. Counsel for Plaintiff and the Board further met and conferred on April 25, 2024. On May 3, 2024, following the withdrawal of Defendants' Fed. R. Civ. P. 12(b)(1) motion, Plaintiff's counsel provided a narrowed set of requests that Plaintiff asserts are relevant to Heap's Fed. R. Civ. P. 12(b)(2) motion. The Board's counsel followed up by letter on May 6, 2024.

## II.    Remaining Discovery

Based on information currently available to Plaintiff, he anticipates that the following discovery is needed:

a.      Production of Defendants' documents, including ESI;

b.      Follow-up written discovery based on Defendants' document productions and amended/supplemental discovery responses (if needed); Defendants reserve all rights to object to any additional written discovery, as appropriate.

c.      Depositions. Plaintiff cannot definitively identify the witnesses he needs to depose because Defendants have not produced the vast majority of their documents. Defendants reserve all rights to object to deposition requests, as appropriate.

    d.     Third-party subpoenas. In the Heap RFPs, Plaintiff sought "All DOCUMENTS and COMMUNICATIONS CONCERNING the targeting of HEAP's marketing and advertising efforts within the United States." After meeting and conferring, Heap agreed to "search for documents related to the targeting of Heap's marketing and advertising in Illinois and/or to the Board of Education of the City of Chicago," which agreement Plaintiff's counsel documented in his above-referenced March 22, 2024 discovery letter to Heap's counsel. Heap has not yet produced documents responsive to any such search. Depending on the information produced by Heap, Plaintiff may need to serve third-party subpoenas on the third-party entities used by Heap to target its advertising. Defendants reserve all right to object to any third-party discovery, as appropriate.

## III.    Potential Discovery Disputes

As discussed above, on May 10, 2024, counsel for Plaintiff and Heap are scheduled to meet and confer on what Plaintiff contends are numerous deficiencies with Heap's responses and supplemental responses to Plaintiff's Interrogatories and the Heap RFPs. To the extent the Plaintiff and Heap are not able to resolve the disputes, Plaintiff likely will need to file a motion to compel.

With respect to Defendants PowerSchool and the Board, during a meet and confer on May 3, 2024, counsel for PowerSchool and the Board sought additional time to determine whether they would respond to Plaintiff's written discovery given the withdrawal of the Fed. R. Civ. P. 12(b)(1) motion. It is Plaintiff's position that because the agreements between the Board, on the one hand, and PowerSchool and Hobsons, on the other (the "PowerSchool-Board Agreements"), required vendors and subcontractors to abide by the terms of the PowerSchool-Board Agreements,

PowerSchool, Hobsons and the Board have information directly related to Heap's Rule 12(b)(2) motion. It is undisputed that Heap was a subcontractor of Hobsons, which was later acquired by PowerSchool. It is Plaintiff's position that to the extent Heap was required to abide by the terms of the PowerSchool-Board Agreements, that would be a relevant contact for the Court to consider in a personal jurisdiction analysis.

During a meet and confer on May 6, 2024, Defendants PowerSchool and the Board agreed to respond to the narrowed set of requests provided by Plaintiff's counsel on May 3, 2024 that Plaintiff asserts are relevant to Heap's Fed. R. Civ. P. 12(b)(2) motion to dismiss, subject to each Defendant's respective ongoing negotiations with Plaintiff's counsel. Defendants PowerSchool and the Board reserve all rights to object to the current scope of those narrowed requests provided by Plaintiff on May 3, 2024, as well as to the expansion of the scope of discovery sought by Plaintiff from PowerSchool and the Board in relation to Heap's Fed. R. Civ. P. 12(b)(2) motion. Counsel for Plaintiff, PowerSchool and the Board are scheduled to meet and confer regarding outstanding issues with respect to the narrowed set of discovery requests on May 10 (the Board) and 13 (PowerSchool), 2024. At this time, there are no disputes regarding discovery sought from either PowerSchool or the Board that require the Court's intervention.

Defendants PowerSchool and the Board both presently believe they can substantially complete document productions in response to Plaintiff's narrowed set of requests, subject to each Defendant's respective ongoing negotiations with Plaintiff's counsel, by June 14, 2024.

IV.     **Confidentiality Order**

*Plaintiff's Statement*

As the Court is aware, Defendant Heap did not agree to the proposed Confidentiality Order submitted by Plaintiff, PowerSchool, Hobsons and the Board. *See* Dkt. 59, 64. The issues in dispute at the time of briefing were whether the Confidentiality Order should include: (a) more detailed source code provisions; and (b) provisions for highly confidential documents (other than source code) and, if so, the nature of those provisions.

As a result of the withdrawal of the Fed. R. Civ. P. 12(b)(1) motion, none of Plaintiff's remaining discovery requests – *i.e.*, those relevant to Heap's Rule 12(b)(2) motion – seeks the production of source code, be it proprietary or publicly-available source code. Thus, even though Heap has never stated that any of Plaintiff's production requests called for the production of proprietary source code, even if they did, the issue is now moot.

During a meet and confer on May 3, 2024 with counsel for all Parties, Plaintiff's counsel suggested that the Parties consider submitting an Agreed Confidentiality Order that: (a) acknowledges that Plaintiff does not currently seek source code; (b) provides that the Parties will work in good faith to negotiate a source code provision in the future should a request for confidential and proprietary source code become necessary; and (c) contains a provision for highly confidential information that does not give one party veto power over another party's experts or require early disclosure of such experts. Heap's counsel stated that Heap would consider such a revised proposal.

On May 5, 2024, Plaintiff's counsel provided Heap's counsel with a proposed Agreed Confidentiality Order and subsequently provided the proposal to all counsel on May 6, 2024. During a May 6, 2024 meet and confer attended by counsel for all Parties, Heap's counsel stated

that Heap would not have a position on Plaintiff's proposal prior to this Joint Status Report coming due.

Given that there is no pending request for source code and Heap has never contended that any request by Plaintiff has required the production of confidential and proprietary source code, Plaintiff respectfully suggests that the Parties further meet and confer on Plaintiff's above-described proposal. Plaintiff notes that: (a) the Parties are currently engaged in jurisdictional discovery related to Heap's Rule 12(b)(1) motion – *i.e.*, Heap contends it should not be part of this case beyond the pending motion; and (b) the Defendants that do not challenge personal jurisdiction have agreed with Plaintiff on the terms of the initially proposed Agreed Confidentiality Order (Dkt. 59) that does not seek the source code provisions advocated by Heap. Thus, it is unclear why Heap continues to demand its source code language at this stage.

To the extent the Court would like to move forward with a confidentiality order that addresses source code and highly confidential information, Plaintiff respectfully requests leave to file a reply in support of his pending motion for entry of a confidentiality order (Dkt. 59) to: (a) address the practical problems of the source code provision proposed by Heap that likely will result in repeated disputes regarding expert discovery and prejudice to Plaintiff; and (b) set forth a more reasonable provision regarding highly confidential information, namely, the provision entered by former Chief Judge Kocoras in *Vance v. Int'l Business Machines*, No. 20 cv 577 (N.D. Ill.) (Dkt. 55, 68), and Judge Coleman and Magistrate Judge Valdez in *In re Clearview AI, Inc., Consumer Privacy Litig.* ("*Clearview*"), No. 21 cv 135 (N.D. Ill.) (Dkt. 62, 183), the latter case on which Heap points to in its response to Plaintiff's motion. Dkt. 64 at 5-8.

***Heap's Position***

On April 15, 2024 Plaintiff filed his Notice of Motion (Dkt, 60) and Plaintiff's Motion for Entry of the Agreed Confidentiality Order of Plaintiff and Defendants Powerschool Holdings LLC, Hobsons, Inc. and Board of Education of the City of Chicago (Dkt. 59). The Court's April 22, 2024 Minute Entry ordered that "[b]y April 29, 2024 defendant Heap shall file a response to plaintiff's motion for entry of a confidentiality order. No reply may be filed unless ordered by the Court." (Dkt. 63). On April 29, 2024 Defendant Heap's Response to Plaintiff's Motion for Entry of a Confidentiality Order was filed. (Dkt. 64.) Plaintiff's new offer suggesting "that the Parties consider submitting an Agreed Confidentiality Order that: (a) acknowledges that Plaintiff does not currently seek source code; (b) provides that the Parties will work in good faith to negotiate a source code provision in the future should a request for confidential and proprietary source code become necessary; and (c) contains a provision for highly confidential information that does not give one party veto power over another party's experts or require early disclosure of such experts" is not agreed and would simply cause delay and kick the can down the road.

It was Plaintiff who raised the issue of production of Source Code. The proposed agreement that Plaintiff filed with his motion expressly refers to "proprietary code" and would only offer it the same protection as other Confidential Information. (See, Dkt. 59-1, ¶ 2.) Plaintiff has declined to agree that Plaintiff would not seek source code as the case proceeds. Accordingly, Heap contends it is appropriate to address the source code issue now. The motion is fully briefed and the issue is appropriate for resolution without further delay.

## V.    Proposed Discovery Schedule

As mentioned, the Parties' negotiations over the scope of jurisdictional discovery remain ongoing. At this time, Defendants PowerSchool and the Board anticipate substantial completion

of their document productions in response to Plaintiff's narrowed set of requests related to Heap's Rule 12(b)(2) motion, as modified subject to ongoing negotiations, by June 14, 2024. Because significant disputes remain between Plaintiff and Heap regarding the scope of Heap's document production, the Parties are not in a position to set a deadline for substantial completion of Heap's document production at this time. Counsel for Plaintiff and Heap hope to have a better sense of timing following their meet and confer on May 10, 2024.

As a result, the Parties respectfully suggest filing another Joint Status Report with the Court on June 21, 2024 regarding the status of jurisdictional discovery and the case schedule moving forward.

**Dated:** May 6, 2024

Respectfully submitted,

By: */s/ Scott R. Drury*
    Scott R. Drury
    DRURY LEGAL, LLC
    6 Carriage Lane
    Highwood, IL 60040
    (312) 358-8225
    scott@drurylegal.com

    *Counsel for Plaintiff and Putative Class Members*

By: */s/ Martin L. Roth*
    Martin L. Roth, P.C.
    Alyssa C. Kalisky
    Amelia H. Bailey
    KIRKLAND & ELLIS LLP
    300 North LaSalle
    Chicago, IL 60654
    (312) 862-2000
    (312) 862-2200
    martin.roth@kirkland.com
    alyssa.kalisky@kirkland.com
    amelia.bailey@kirkland.com

    Olivia Adendorff, P.C.
    (*pro hac vice forthcoming*)
    KIRKLAND & ELLIS LLP
    4550 Travis Street
    Dallas, TX 75205
    (214) 972-1770
    olivia.adendorff@kirkland.com

    *Counsel for PowerSchool Holdings LLC and Hobsons, Inc.*

11

By: */s/ Josh M. Kantrow*
    Josh M. Kantrow
    LEWIS BRISBOIS BISGAARD & SMITH LLP
    550 West Adams Street
    Suite 300
    Chicago, IL 60661
    (312) 463-3445
    (312) 345-1778
    josh.kantrow@lewisbrisbois.com

    Jon P. Kardassakis
    (*pro hac vice forthcoming*)
    LEWIS BRISBOIS BISGAARD & SMITH LLP
    633 W. 5th Street
    Suite 4000
    Los Angeles, CA 90071
    (312) 680-5040
    (312) 250-7900
    Jon.kardassakis@lewisbrisbois.com

    *Counsel for Heap Inc.*

By: */s/ Christopher J. Esbrook*
    Christopher J. Esbrook
    Zachary L. Sorman
    ESBROOK, P.C.
    321 N. Clark, Suite 1930
    Chicago, IL 60654
    (312) 319-7680
    christopher.esbrook@esbrook.com
    zachary.sorman@esbrook.com

    *Counsel for Board of Education of the City of Chicago*

## **CERTIFICATE OF SERVICE**

      I certify that on May 6, 2024 I electronically filed the foregoing document and any such attachments with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

                   * /s/ Scott R. Drury *