IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Q.J., individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 23 C 5689 |
| v. | ) ) | Judge Jorge Alonso |
| POWERSCHOOL HOLDINGS, LLC, HOBSONS, INC., HEAP, INC., and BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) ) ) ) ) | |
| Defendants, | ) ) | |

**ORDER**

For administrative purposes, defendants' motions to dismiss [37] [41] [44] are denied, without prejudice to renewal after jurisdictional discovery concludes.

**STATEMENT**

This case was filed almost a year ago, but it has not yet advanced beyond the pleading stage. After a failed mediation, defendants filed motions to dismiss on various grounds, including lack of personal and subject-matter jurisdiction. Plaintiff responded by filing an unopposed motion to stay briefing on the motions to dismiss and take jurisdictional discovery. (ECF No. 50.) The Court granted plaintiff's motion, struck the briefing schedule on the motions to dismiss, and entered an agreed order providing that the parties would conduct limited jurisdictional discovery and, in six weeks, update the Court on the status of their efforts, including by proposing a deadline for the conclusion of jurisdictional discovery. (Jan. 29, 2024 Agr. Order, ECF No. 53.) After six weeks, the parties reported that their efforts were not yet far enough advanced to propose a deadline. This Court referred discovery supervision to the magistrate judge. After several more weeks, the parties reported that defendants were willing to withdraw their motions as to lack of subject matter jurisdiction (May 6, 2024 Jt. Status Report 3, ECF No. 77), but defendant Heap, Inc.'s motion to dismiss for lack of personal jurisdiction remained, various discovery disputes had arisen, and the parties could not yet determine how long they would need for jurisdictional discovery. (*Id.* at 10-11). The parties' most recent joint status report (Jul. 22, 2024 Jt. Status Report, ECF No. 86) shows that their discovery disputes have only intensified and will likely require court intervention, and, therefore, the parties are still unable to propose a deadline for jurisdictional discovery.

Given the above procedural history, for administrative purposes and to avoid the docket

murkiness that might come from leaving motions pending for many months before they can be briefed, the Court terminates the pending motions to dismiss. This Court will follow developments before the magistrate judge and, after jurisdictional discovery concludes, the Court will set a deadline for defendants to renew their motions to dismiss or otherwise plead.

**SO ORDERED.**                                                           **ENTERED: August 9, 2024**

**JORGE L. ALONSO**
**United States District Judge**