**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| Q.J., individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> -vs- <br><br> POWERSCHOOL HOLDINGS LLC, *et al.*, <br><br> Defendants. | Case No.: 1:23-cv-05689 <br><br> Judge Jorge L. Alonso <br><br> Magistrate Judge Daniel P. McLaughlin |

**JOINT NOTICE OF SETTLEMENT AND AGREED MOTION TO VACATE THE
DISMISSAL OF HEAP INC. AND STAY OR CONTINUE PROCEEDINGS**

Pursuant to Fed. R. Civ. P. 54(b) and the Court's inherent authority to control its docket, Plaintiff Q.J., individually and on behalf of all others similarly situated, and Defendants PowerSchool Holdings LLC; Hobsons, Inc. (PowerSchool Holdings LLC and Hobsons, Inc., collectively, "PowerSchool")[1]; Heap Inc. ("Heap"); and Board of Education of the City of Chicago (the "Board") (collectively, "Defendants," and together with Plaintiff, the "Parties"), by and through their undersigned attorneys, hereby: (a) notify the Court that they have agreed in principle to settle the above-captioned matter on a class-wide basis; (b) jointly move the Court to vacate its August 20, 2025 Order dismissing Heap (Dkt. 178) and reinstate Heap as a defendant in this action for settlement purposes only or, if the Court will not allow Heap to be reinstated for settlement purposes only, for all purposes; (c) jointly move the Court to temporarily stay or

---

[1] PowerSchool states that Hobsons is a dissolved entity and therefore improperly named in the Complaint. Plaintiff disagrees. For the sake of clarity, and unless otherwise stated, PowerSchool and Hobsons are collectively referred to as "PowerSchool."

continue further proceedings in this action, including all discovery and briefing on all pending motions; and (d) jointly request that the Court order Plaintiff to file a motion for preliminary approval of the class action settlement on or before February 23, 2026. In support of this motion, the Parties state as follows:

1. The Parties have agreed in principle to settle the above-captioned matter on a class-wide basis. The Parties are preparing settlement documentation, and Plaintiff intends to file an unopposed motion for preliminary approval of the class action settlement on or before February 23, 2026.

2. On August 20, 2025, the Court granted Heap's Fed. R. Civ. P. 12(b)(2) motion to dismiss. Dkt. 178. Plaintiff subsequently moved for reconsideration of that Order, which motion is pending. Dkt. 183.

3. In connection with the Parties' settlement, they jointly move the Court to vacate its August 20, 2025 dismissal of Heap and to reinstate Heap as a defendant in this action for settlement purposes only or, if the Court will not allow Heap to be reinstated for settlement purposes only, for all purposes. Heap irrevocably consents to this Court exercising personal jurisdiction over Heap solely for purposes of settlement or, if the Court will not allow Heap's partial consent, for all purposes.

4. The Court's August 20, 2025 dismissal of Heap was not a final order and, therefore, can be vacated. *See* Fed. R. Civ. P. 54(b).

5. In order to allow the Parties to focus on preparing settlement documentation and the motion for preliminary approval of the class action settlement, the Parties respectfully request that the Court temporarily stay or continue further proceedings in this matter, including all discovery and briefing on all pending motions.

6.      The Parties do not bring this motion for the purposes of delay but rather to allow them to effectuate the settlement to which they have agreed.

WHEREFORE, the Parties respectfully request that the Court grant the instant motion and enter an Order: (a) vacating its August 20, 2025 Order dismissing Heap (Dkt. 178) and reinstating Heap as a defendant in this action for settlement purposes only or, if the Court will not allow Heap to be reinstated for settlement purposes only, for all purposes; (b) staying or continuing further proceedings in this action; and (c) requiring Plaintiff to file a motion for preliminary approval of the class action settlement on or before February 23, 2026.

Dated: January 26, 2026

Respectfully submitted,

| | |
|---|---|
| By: */s/ Scott R. Drury* | By: */s/ Martin L. Roth* |
| Scott R. Drury | Martin L. Roth, P.C. |
| Drury Legal, LLC | Alyssa C. Kalisky |
| 6 Carriage Lane | Amelia H. Bailey |
| Highwood, IL 60040 | Kirkland & Ellis LLP |
| (312) 358-8225 | 300 North LaSalle |
| scott@drurylegal.com | Chicago, IL 60654 |
| | (312) 862-2000 |
| *Counsel for Plaintiff and Putative Class Members* | (312) 862-2200 |
| | martin.roth@kirkland.com |
| | alyssa.kalisky@kirkland.com |
| | amelia.bailey@kirkland.com |
| | |
| | Olivia Adendorff, P.C. |
| | (*pro hac vice forthcoming*) |
| | Kirkland & Ellis LLP |
| | 4550 Travis Street |
| | Dallas, TX 75205 |
| | (214) 972-1770 |
| | olivia.adendorff@kirkland.com |
| | |
| | *Counsel for PowerSchool Holdings LLC and Hobsons, Inc.* |

By: */s/ Josh M. Kantrow*
Josh M. Kantrow
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street
Suite 300
Chicago, IL 60661
(312) 463-3445
(312) 345-1778
josh.kantrow@lewisbrisbois.com

Jon P. Kardassakis
(*pro hac vice forthcoming*)
Lewis Brisbois Bisgaard & Smith LLP
633 W. 5th Street
Suite 4000
Los Angeles, CA 90071
(312) 680-5040
(312) 250-7900
Jon.kardassakis@lewisbrisbois.com

*Counsel for Heap Inc.*

By: */s/ Christopher J. Esbrook*
Christopher J. Esbrook
Zachary L. Sorman
Esbrook, P.C.
321 N. Clark, Suite 1930
Chicago, IL 60654
(312) 319-7680
christopher.esbrook@esbrook.com
zachary.sorman@esbrook.com

*Counsel for Board of Education of the City of Chicago*

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 26, 2026, I electronically filed the foregoing document with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

*/s/ Scott R. Drury*