**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| Q.J., individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　-vs-<br><br>POWERSCHOOL HOLDINGS LLC, *et al.*,<br><br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.: 1:23-cv-05689

Judge Jorge L. Alonso

Magistrate Daniel P. McLaughlin

**ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT AGREEMENT**

WHEREAS, this matter has come before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement;

WHEREAS, on August 18, 2023, Plaintiff Q.J., then a minor, filed a complaint in the Northern District of Illinois on behalf of himself and all others similarly situated, alleging that Defendants PowerSchool Holdings LLC ("PowerSchool Holdings"); Hobsons, Inc. ("Hobsons," collectively with PowerSchool Holdings, "PowerSchool"); Heap Inc. ("Heap"); the Board of Education of the City of Chicago ("CPS"); and various Doe defendants violated the privacy rights of Plaintiff and putative class members in connection with the interception of, and eavesdropping upon, their communications while they used the Naviance Platform[1] (Dkt. 1);

WHEREAS, Plaintiff filed an amended complaint on January 13, 2025 (Dkt. 118-19);

---

[1] Unless otherwise stated, all defined terms herein have the meaning given to such terms in the Class Action Settlement Agreement (the "Settlement" or "Agreement"). Dkt. 212-1.

1

WHEREAS, on August 20, 2025, the Court granted Heap's motion to dismiss for lack of personal jurisdiction, and granted in part and denied in part the motion to dismiss of PowerSchool and CPS (Dkt. 178);

WHEREAS, Heap has since consented to this Court's jurisdiction for purposes of administering this Settlement only or, if the Court will not allow Heap to be reinstated for settlement purposes only, for all purposes (Dkt. 205-06);

WHEREAS, PowerSchool, Heap and CPS deny the allegations of the amended complaint and deny any allegation of wrongdoing;

WHEREAS, Plaintiff, PowerSchool, Heap and CPS have entered into a Settlement Agreement, which is attached as Exhibit 1 to Plaintiff's Unopposed Motion for Preliminary Approval, and sets forth the terms and conditions of the Settlement;

WHEREAS, Plaintiff has moved the Court for a Preliminary Approval Order approving the proposed Settlement pursuant to Federal Rule of Civil Procedure 23 and approving the settlement administration process;

WHEREAS, PowerSchool, Heap and CPS do not contest certification of the Settlement Class solely for the purposes of the Settlement;

WHEREAS, the Court has been fully advised in the premises, is familiar with and has reviewed the record, the Settlement Agreement and its exhibits and Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and the supporting declarations and exhibits; and

WHEREAS, the Court finds that good cause has been shown for entering the following Order;

**IT IS HEREBY ORDERED, DECREED AND ADJUDGED AS FOLLOWS**:

1.      For the purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement.

**Preliminary Certification of the Settlement Class**

2.      The Court hereby provisionally certifies, for settlement purposes only, a "Settlement Class," pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), consisting of:

> All persons in the United States who, while a student, logged into the product offered by Hobsons and, later, PowerSchool Holdings, that is commonly referred to as Naviance (the "Naviance Platform"), at least once during the period beginning on August 18, 2021 and continuing through January 23, 2026 (the "Class Period"). For the avoidance of doubt, the Class Period includes times where Heap or other third-party analytics software were integrated and embedded into the Naviance Platform.

Excluded from the Settlement Class are: (1) any Judge or Magistrate Judge presiding over this Action and members of their families; (2) Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former officers, directors, agents, attorneys and employees; (3) persons who properly execute and file a timely request for exclusion from the Settlement Class; and (4) the legal representatives, successors, or assigns of any such excluded persons.

3.      The Court finds that for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3)— namely, that: (a) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (b) there are common questions of law and fact; (c) Plaintiff's claims are typical of those of the Settlement Class Members; (d) Plaintiff and Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class

3

Members; and (e) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3).

4.      Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties. In the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect, the Parties preserve all rights and defenses regarding class certification.

**Appointment of Class Representative**

5.      The Court hereby appoints Plaintiff Q.J. to represent the Settlement Class.

**Appointment of Class Counsel**

6.      The Court hereby appoints Scott R. Drury of Drury Legal, LLC as Class Counsel for the Settlement Class.

**Manner and Form of Notice**

7.      The Court approves the Notice substantially in the forms within Exhibits A-D to the Settlement Agreement. The Notice is reasonably drafted, under the circumstances, to apprise the Settlement Class of: (a) the pendency of this litigation; (b) the effects of the proposed Settlement on their rights (including the Released Claims therein); (c) Class Counsel's upcoming Motion for Attorneys' Fees, Costs and Service Award; (d) their right to submit a Claim Form; (e) their right to opt-out of the Settlement; and (f) their right to object to any aspect of the proposed Settlement. The date and time of the Final Approval Hearing shall be included in the Notice and on the Settlement Website.

8.      The Parties, without further approval from the Court, are permitted to revise the forms of Notice in ways that are appropriate to update those documents for purposes of accuracy

4

or formatting, so long as they are consistent in all material respects with the Settlement Agreement and this Order;

9. The Court also finds that the notice plan described in the Settlement Agreement and the Declaration of Carla A. Peak of Kroll Settlement Administration LLC in Connection with Preliminary Approval of Settlement, which includes dissemination of website notice, email notice and postcard notice and the use of a supplemental online media campaign is the best notice practicable under the circumstances and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and all other applicable law and rules. The Notice Plan will inform the Settlement Class of the general terms of the Settlement Agreement, including a description of the Action, information regarding the identity of the Settlement Class and what claims will be released. The Notice Plan shall include, among other information: (a) a description of the material terms of the Settlement Agreement; (b) a date by which Settlement Class members may opt-out of the Settlement Class; (c) a date by which Settlement Class members may object to the Settlement and/or to Class Counsel's Motion for Attorneys' Fees, Costs and Service Award; (d) the date the Final Approval Hearing is scheduled to occur; and (e) the Settlement Website address at which Settlement Class members may access the Settlement Agreement and other related documents and information. Additionally, opt-out procedures will be explained, as well as how Settlement Class Members may exercise their right to object to the proposed Settlement at the Final Approval Hearing.

**Appointment of the Settlement Administrator**

10. The Court appoints Kroll Settlement Administration LLC to serve as the Settlement Administrator. The Settlement Administrator shall: (a) provide CAFA Notice; (b) complete the Court-approved Notice Plan by noticing the Settlement Class via direct notice by sending out email

notices and, where an email address is unavailable and cannot otherwise be ascertained, by sending out postcard notices, and implementing a supplemental online media plan; (c) send check or electronic payments to Settlement Class Members; (d) establish and maintain the Settlement Fund escrow bank account approved by the Parties; (e) establish and maintain a post office box for opt-out requests and objections from the Settlement Class and to receive Claim Forms; (f) establish and maintain the Settlement Website; (g) establish and maintain an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries and answer the frequently asked questions of Settlement Class Members who call with or otherwise communicate such inquiries; (h) respond to any mailed Settlement Class Members' inquiries; (i) process all opt-out requests from the Settlement Class; (j) provide weekly reports to Class Counsel and counsel for PowerSchool, Heap and CPS that summarize the opt-out requests received that week, the total number of opt-out requests received to date and other pertinent information; (k) in advance of the Final Approval Hearing, prepare a declaration to submit to the Court confirming that the Notice Plan was completed in accordance with the terms of the Settlement Agreement and this Order, describing how the Notice Program was completed, providing the names of each Settlement Class Member who timely and properly requested to opt-out from the Settlement Class and other information as may be necessary to allow the Parties to seek and obtain Final Approval; (l) distribute, out of the Settlement Fund, check or electronic payments to Settlement Class Members; (m) pay Court-approved attorneys' fees, and costs and expenses, and any service award, out of the Settlement Fund; (n) pay Settlement Administration Expenses out of the Settlement Fund following approval by Class Counsel; and (o) any other Settlement Administration function at the instruction of Class Counsel and Counsel for PowerSchool, Heap and CPS, including, but

not limited to, verifying that the Settlement Fund has been properly administered and that the payments to Settlement Class members have been properly distributed.

11.     The Settlement Administrator shall provide Notice of the Settlement and Final Approval Hearing to the Settlement Class as follows:

a.     The Settlement Administrator will establish the Settlement Website no later than 10 days following the entry of this Order, and the Settlement Website will have Claim Form submission capability, contain the Settlement Agreement and other related documents and information, provide answers to a set of frequently asked questions and information on how to object or request exclusion (and the ability to opt out online), and contain any other information regarding the Court approval process as agreed to by the Parties.

b.     Within 10 days following entry of this Order, the Settlement Administrator shall establish an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class Members who call with or otherwise communicate such inquiries.

c.     Within 28 days following the entry of this Order, the Settlement Administrator shall complete all aspects of the notice plan described in paragraph 4.1 of the Settlement Agreement.

## Final Approval Hearing

12.     The Court will hold a final approval hearing on June 10, 2026 at 10:00 a.m., in the Everett McKinley Dirksen United States Courthouse, Courtroom 1903, 219 South Dearborn Street,

7

Chicago, Illinois 60604. The purposes of the final approval hearing will be to: (a) determine whether the Settlement Agreement should be approved as fair, reasonable and adequate and in the best interests of the Settlement Class; (b) rule upon Plaintiff's and Class Counsel's motion for an award of attorneys' fees, costs and service award; and (c) consider any other matters that may properly be brought before the Court in connection with the Settlement.

13.     The Court may adjourn the Final Approval Hearing or decide to hold the Final Approval Hearing telephonically or via other means without further notice to the Settlement Class and may approve the proposed Settlement without further notice to the Settlement Class.

14.     Plaintiff's and Class Counsel's motion for an award of attorneys' fees, costs and service award will be decided in an order separate from the order that addresses the fairness, reasonableness and adequacy of the Settlement.

15.     If the Settlement is approved, Settlement Class Members (*i.e.*, those who have not opted-out of the Settlement) will be bound by the Releases provided for in the Settlement Agreement, and by any judgment or determination of the Court affecting Settlement Class Members. All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

**<u>Objections to the Settlement</u>**

16.     Any Settlement Class Member who intends to object to the Settlement must mail the objection to the Clerk of the Court, Class Counsel, Defendant's Counsel, and the Settlement Administrator. The objection shall include a caption or title that identifies it as "Objection to Class Action Settlement in *Q.J. v. PowerSchool Holdings LLC, et al.*, Case No. 1:23-cv-05689 (N.D. Ill.)" and sets forth: (a) the objector's name and address; (b) an explanation of the basis upon which the objector claims to be a Settlement Class Member, (c) all grounds for the objection, including

all citations to legal authority and evidence supporting the objection; (d) the name and contact information of any and all attorneys representing, advising or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); (e) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); and (f) if a Settlement Class Member or any of the Objecting Attorneys has objected to any other class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, a statement identifying each such case by full case caption and amount of payment received.

17.     To be timely, the objection must be submitted no later than 45 days after the Notice Date. The deadline shall be set forth in the Notice and on the Settlement Website.

18.     Any Settlement Class Member who fails to timely file with the Court a written objection shall: (a) waive and forfeit any and all rights they may have to object, appear, present witness testimony and/or submit evidence; (b) be barred from appearing, speaking or introducing any testimony or evidence at the Final Approval Hearing; (c) be precluded from seeking review of the Settlement Agreement by appeal or other means; and (d) be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Action.

**Exclusion from the Settlement Class**

19.     Members of the Settlement Class who chose to opt-out must mail a request to the Settlement Administrator indicating their intent to opt-out of the Settlement. The notice of opt-out must be received and/or postmarked no later than 45 days after the Notice Date. The deadline shall be set forth in the Notice and on the Settlement Website. The opt-out request must include: (a) the

Settlement Class Member's name and address; (b) a signature; (c) the name and number of this case; and (d) a statement that the Settlement Class Member wishes to be excluded from the Settlement Class for purposes of this Settlement.

20. Any members of the Settlement Class who do not submit a request to opt-out in accordance with the deadlines and other requirements will be bound by the Settlement absent a Court order to the contrary.

21. Any member of the Settlement Class who submits a timely, valid opt-out request shall not receive any benefits of the Settlement, shall not be bound by the terms of the Settlement and shall have no standing to object to the Settlement or intervene in the Action.

**Termination of the Settlement**

22. If the Settlement fails to become effective in accordance with its terms, or if the Final Judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if a party elects to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any sections that, pursuant to the terms of the Settlement Agreement, survive termination) and the Parties shall return to their positions without prejudice in any way, as provided for in the Settlement Agreement.

23. Defendants' consent to any amendment for purposes of Settlement approval does not waive any defense or motion by Defendants.

**The Use of This Order**

24. As set forth in the Settlement Agreement, the fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum or other

tribunal, constitute an admission, or evidence, or be deemed to create any inference against any party regarding, *inter alia*: (a) any acts of wrongdoing; (b) any liability on the part of PowerSchool, Heap and/or CPS to the Class Representative, the Settlement Class or anyone else; (c) any deficiency of any claim or defense that has been or could have been asserted in this Action; (d) any damages or lack of damages suffered by the Class Representative, the Settlement Class or anyone else; or (e) any benefits obtained by Settlement Class Members pursuant to the Settlement Agreement or any claim that some other amount represents the amount that could or would have been recovered in this Action against Defendants if it was not settled at this point in time.

25.     The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, including but not limited to, the Final Judgment and the release of the Released Claims provided for in the Settlement Agreement and the Final Judgment, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement.

26.     The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement. The Court hereby stays this Action pending final approval of the Settlement, except such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement and obtain final approval of the Settlement.

27.     Pending final approval of the Settlement, Plaintiff, all Settlement Class Members and Releasing Parties (and any persons purporting to act on their behalf) are barred and enjoined from filing, commencing, prosecuting, maintaining or enforcing any Released Claims against the Released Parties, directly or indirectly (including in any action purportedly brought on behalf of the general public of the United States or of a particular state, district, or territory therein), in any

11

judicial, administrative, arbitral or other forum. This bar and injunction are necessary to protect and effectuate the Settlement Agreement and this Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

28.     As stated in this Order, and consistent with the Settlement Agreement, the following dates and deadlines shall apply to the approval of this settlement:

| **EVENT** | **DATE** |
|---|---|
| Notice Date | **March 25, 2026**<br><br>[No later than 28 days after Preliminary Approval] |
| Deadline for Plaintiff and Class Counsel to file motion for attorneys' fees, costs and service award | **April 27, 2026**<br><br>[At least 14 days before objection/exclusion deadline] |
| Exclusion / Objection Deadline | **May 11, 2026**<br><br>[No later than 45 days after Notice Date and at least 14 days after filing of motion for attorneys' fees, costs and service award] |
| Deadline to Submit Claims Forms | **May 26, 2026**<br><br>[No later than 60 days after the Notice Date, accounting for weekend and Memorial Day] |
| Final Approval Hearing | **June 8, 2026** (or such later date convenient to the Court)<br><br>[No earlier than 90 days after Notice is posted on the Settlement Website] |

12

29.     The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members, though such extensions shall be posted to the Settlement Website.

IT IS SO ORDERED.


Date:   February 25, 2026

_____

Jorge L. Alonso
United States District Judge

13