# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| Q.J., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No.: 1:23-cv-05689 |
| -vs- | ) ) | Judge Jorge L. Alonso |
| POWERSCHOOL HOLDINGS LLC, *et al.*, | ) ) ) | Magistrate Judge Daniel P. McLaughlin |
| Defendants. | ) ) ) | |

## AMENDED CLASS ACTION SETTLEMENT AGREEMENT

This Amended Settlement Agreement ("Amended Agreement" or "Amended Settlement Agreement") is entered into by and among: (a) Plaintiff Q.J. ("Plaintiff"); (b) the Settlement Class (as defined herein); (c) Defendants PowerSchool Holdings LLC ("PowerSchool Holdings"); Hobsons, Inc. ("Hobsons"); Heap Inc., now known as Content Square, Inc. ("Heap"); and Board of Education of the City of Chicago ("CPS"). The Settlement Class and Plaintiff are collectively referred to as the "Plaintiffs" unless otherwise noted. Defendants PowerSchool Holdings and Hobsons are collectively referred to as "PowerSchool," and all defendants are collectively referred to as "Defendants." Plaintiff and Defendants are collectively referred to herein as the "Parties." This Amended Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Amended Agreement, and subject to the final approval of the Court.

## RECITALS

A.      On August 18, 2023, Plaintiff filed this putative class action in the United States District Court for the Northern District of Illinois against Defendants, as well as various unnamed

employees and officers of PowerSchool Holdings, Hobsons and Heap (the "Doe Defendants"). Dkt. 1. Plaintiff alleged: (a) violations of the Fourth Amendment, including *Monell* claims; (b) violations of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 631-632; (c) violations of the Stored Communications Act ("SCA"), 18 U.S.C. § 2702(a)(1); (d) violations of the Illinois Eavesdropping Act ("IEA"), 720 Ill. Comp. Stat. 5/14-1, *et seq.*; (e) intrusion upon seclusion; (f) breach of contract; (g) negligence; (h) violations of the Illinois School Student Records Act ("ISSRA"), 5 Ill. Comp. Stat. 10/1, *et seq.*; (i) unjust enrichment; and (j) *respondeat superior* liability.

B.      In response to the complaint, on December 21, 2023: (a) PowerSchool moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), arguing, *inter alia*, that Plaintiff lacked standing and failed to state a claim upon which relief could be granted (Dkt. 44-45); (b) Heap moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and (6), arguing, *inter alia*, that the Court could not exercise personal jurisdiction over Heap and that Plaintiff failed to state a claim upon which relief could be granted (Dkt. 37); and (c) CPS moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing, *inter alia*, that Plaintiff failed to state a claim upon which relief could be granted. Dkt. 41-42.

C.      On January 29, 2024, the Court entered an Agreed Order allowing the Parties to engage in discovery limited to the jurisdictional issues raised in PowerSchool's and Heap's motions to dismiss. Dkt. 53. In connection with that discovery, Plaintiff served interrogatories and requests for production of documents on all Defendants. Moreover, Plaintiff took the depositions of two Heap witnesses.

D.      Following jurisdictional discovery, on January 13, 2025, Plaintiff filed a First Amended Class Action Complaint (the "FAC"). Dkt. 118. In the FAC, Plaintiff alleged: (a)

2

violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(a); (b) violations of the Fourth and Fourteenth Amendments, including *Monell* claims; (c) violations of the CIPA; (d) violations of the SCA; (e) violations of the IEA; (f) intrusion upon seclusion; (g) breach of contract; (h) violations of the ISSRA; (i) unjust enrichment; and (j) *respondeat superior* liability. Dkt. 118.

E.    On February 27, 2025, Defendants moved to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6), and Heap also moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(2). Dkt. 134-36.

F.    On March 18, 2025, the Court granted Plaintiff's motion to open merits discovery. Dkt. 144. Plaintiff subsequently served the following written discovery: (a) ninety requests for production, thirteen interrogatories, four demands for inspection and sixty requests for admission upon PowerSchool; (b) forty-four requests for production, sixteen interrogatories and sixty-four requests for admission upon CPS; and (c) twenty-five requests for production, thirteen interrogatories and one demand for inspection upon Heap. In response thereto, Defendants collectively produced over 503,000 pages of documents, including spreadsheets consisting of thousands of lines but only constituting a single production page. Plaintiff also deposed three former PowerSchool employees. Moreover, Plaintiff served third-party subpoenas on numerous third parties related to his claims.

G.    On August 20, 2025, the Court: (a) granted Heap's Fed. R. Civ. P. 12(b)(2) motion to dismiss; and (b) granted PowerSchool and CPS' motion to dismiss solely as to Plaintiff's constitutional claims. Dkt. 178.

H.    On September 11, 2025, Plaintiff's counsel filed a new action against Heap on behalf of a different plaintiff in the United States District Court for the Southern District of New

York, titled *I.J. v. Heap Inc., now known as Content Square, Inc.*, No. 1:15-cv-07583-JLR (the "*I.J. Action*"), in which the plaintiff alleged violations of the ECPA, CIPA and IEA, as well as a claim for intrusion upon seclusion. *I.J. Action* Dkt. 1. As the Settlement Class (defined below) encompasses the nationwide class and the subclasses sought to be certified in the *I.J. Action*, Heap and the plaintiff in that action have agreed to settle that case on an individual basis.

I.       On December 8, 2025, Plaintiff moved to compel PowerSchool to provide proper responses to numerous discovery requests and to produce documents responsive to numerous requests for production. Dkt. 191. The motion was pending as of the date the Parties reached the agreement in principle that preceded this Agreement.

J.       Prior to the filing of Defendants' original motions to dismiss, Plaintiff, PowerSchool and CPS agreed to mediate before the Honorable James F. Holderman (Ret.) of JAMS Chicago, who is the former Chief Judge for the Northern District of Illinois and a neutral at JAMS Chicago. The mediation took place on December 7, 2023. While Plaintiff, PowerSchool and CPS engaged in good-faith negotiations, which at all times were at arms'-length, they failed to reach an agreement on that day.

K.       After the Court ruled on Defendants' motions to dismiss the FAC, Plaintiff, PowerSchool and CPS reengaged in arms'-length negotiations and ultimately agreed to again mediate before Judge Holderman. Heap agreed to mediate with Judge Holderman as well. The Parties participated in three further mediations (for a total of four mediations) before Judge Holderman on October 9, 2025; December 23, 2025; and January 13, 2026. During the mediation on January 13, 2026, the Parties reached agreement on the financial terms of a class action settlement. The Parties then met with Judge Holderman on January 20, 2026, to discuss non-financial terms of the settlement. The Parties continued those discussions between January 20 and

4

23, 2026. On January 23, 2026, the Parties reached agreement on all material terms of a class action settlement and executed a term sheet.

L. On February 23, 2026, Plaintiff filed Plaintiff's Uncontested Motion for and Memorandum in Support of Preliminary Approval of Class Action Settlement. Dkt. 212. On February 25, 2026, the Court conducted a hearing on the motion and entered an Order Preliminarily Approving Class Action Settlement Agreement in which it preliminarily approved the Parties' initial settlement agreement. Dkt. 218. On February 27, 2026, the Court entered an Amended Order Preliminarily Approving Class Action Settlement Agreement. Dkt. 219.

M. Since February 25, 2026, the Parties and the Settlement Administrator have worked diligently to implement the terms of the initial settlement agreement on the schedule set forth by the Court. *See* Dkt. 219. However, the Settlement Administrator has informed the Parties that it requires additional time to implement and complete the Notice provisions set forth in the initial settlement agreement. This Amended Agreement modifies the relevant Notice provisions to allow for the additional time required by the Settlement Administrator.

N. At all times, Defendants have denied and continue to deny any wrongdoing whatsoever and have denied and continue to deny that they committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action (defined below) and Defendants continue to oppose certification of a litigation class. Defendants believe that the claims asserted in the Action against them do not have merit and that they would have prevailed at summary judgment, at class certification and/or at trial. Nonetheless, taking into account the uncertainty, risks and costs inherent in any litigation, Defendants have concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement.

O.      Plaintiff believes that the claims asserted in the Action against Defendants have merit and that he would have prevailed at summary judgment and/or trial. Further, Class Counsel (defined below) has investigated the facts relating to the claims and defenses alleged and the underlying events in the Action, has made a thorough study of the legal principles applicable to the claims and defenses asserted in the Action and has conducted a thorough assessment of the strengths and weaknesses of the Parties' respective positions, including information supplied in the context of mediation. Plaintiff and Class Counsel recognize that Defendants have raised factual and legal defenses that present a risk that Plaintiff may not prevail. Plaintiff and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendants through the remainder of discovery, summary judgment, class certification, trial and any subsequent appeals. Plaintiff and Class Counsel also have taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiff believes it is desirable that the Released Claims (defined below) be fully and finally compromised, settled and resolved with prejudice. Based on its evaluation, Class Counsel has concluded that the terms and conditions of this Amended Agreement are fair, reasonable and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Amended Agreement.

P.      This Amended Settlement Agreement is the result of vigorous and extensive arms'-length negotiations between Class Counsel and Defendants' Counsel, which took place over the course of several months. This Amended Agreement is a compromise, and the Amended Agreement, any related documents and any negotiations resulting in it shall not be construed as or deemed to be evidence of the truth of any of Plaintiff's claims or allegations, nor shall it be deemed

6

or construed to be an admission or concession of liability or wrongdoing on the part of any Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever or with respect to the certifiability of a litigation class.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and each of them, and Defendants, by and through their undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Amended Settlement Agreement, in consideration of the benefits flowing to the Parties from the Amended Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Amended Agreement.

## AGREEMENT

**1.  DEFINITIONS**.

As used in this Settlement Agreement, the following terms have the meanings specified below:

**1.1**  "**Action**" means *Q.J. v. PowerSchool Holdings LLC, et al.*, No. 1:23-cv-05689, pending in the United States District Court for the Northern District of Illinois.

**1.2**  "**Approved Claim**" means a Claim Form submitted by a Settlement Class Member that: (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Amended Settlement Agreement; (b) is fully and truthfully completed by a Settlement Class Member with all of the information requested in the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Amended Agreement.

7

**1.3** **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or received to be considered timely and shall be set as a date no later than sixty (60) days after the Notice Date. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as may be amended from time-to-time, as well as in the Notice and the Claim Form.

**1.4** **"Claim Form"** means the document substantially in the form attached hereto as **Exhibit A**, as approved by the Court. The Claim Form, to be completed by Settlement Class Members—or if a Settlement Class Member is a minor, by a parent or legal guardian—who wish to file a claim for payment, shall be available in electronic and paper format in the manner described below.

**1.5** "**Class Counsel**" means Scott R. Drury of Drury Legal, LLC.

**1.6** **"Class List"** means an electronic list or lists from PowerSchool's available records that includes to the extent available the names, last known U.S. Mail addresses, email addresses, mobile phone numbers and home telephone numbers belonging to Persons within the Settlement Class and/or their parents or legal guardians to the extent PowerSchool's records associate such parents or legal guardians with one or more Settlement Class Members, which shall be provided to the Settlement Administrator in accordance with Paragraph 4.1(a).

**1.7** "**Class Representative**" means the named Plaintiff in this Action, Q.J.

**1.8** **"Class Period"** means the time period beginning on August 18, 2021 and continuing through January 23, 2026. For the avoidance of doubt, the Class Period includes times when Heap or other third-party analytics software were integrated and embedded into the Naviance Platform.

**1.9** "**Court**" means the United States District Court for the Northern District of Illinois, the Honorable Jorge L. Alonso, or any judge who shall succeed him as the Judge in this Action.

**1.10** **"CPS"** means the Board of Education of the City of Chicago.

**1.11** **"CPS' Counsel"** means Christopher J. Esbrook and Zachary Sorman of Esbrook, P.C., 321 North Clark Street, Suite 1930, Chicago, Illinois 60654.

**1.12** **"Defendants"** means PowerSchool Holdings (defined below), Hobsons (defined below), Heap (defined below) and CPS, collectively.

**1.13** **"Defendants' Counsel"** means counsel for PowerSchool Holdings, Hobsons, Heap and CPS, collectively.

**1.14** **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

**1.15** **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation. The Settlement Fund shall be deposited by Defendants and/or their agents into the Escrow Account in accordance with the terms of this Agreement, and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (a) demand deposit accounts and/or (b) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund. The Escrow Account shall be maintained by the Settlement Administrator.

**1.16** **"Fee Award"** means the amount of attorneys' fees, costs and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

**1.17** **"Final"** means one business day following the latest of the following events: (a) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Amended Settlement Agreement; (b) if there is an appeal or appeals, other than an

9

appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (c) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

    **1.18**    "**Final Approval Hearing**" means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Amended Settlement Agreement, the Fee Award and the service award to the Class Representative.

    **1.19**    "**Final Judgment**" means the Final Judgment and Order to be entered by the Court approving the Amended Agreement after the Final Approval Hearing.

    **1.20**    "**Heap**" means Heap Inc., now known as Content Square, Inc., or its successors or assigns.

    **1.21**    "**Heap's Counsel**" means Josh M. Kantrow of Lewis Brisbois Bisgaard & Smith LLP, 550 West Adams Street, Suite 300, Chicago, Illinois 60661.

    **1.22**    "**Hobsons**" means Hobsons, Inc.

    **1.23**    "**Hobsons' Counsel**" means Martin L. Roth of Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois 60654 and Olivia Adendorff of Kirkland & Ellis LLP, 4550 Travis Street, Dallas, Texas 75205.

    **1.24**    "**Naviance Platform**" means the product offered by Hobsons and, later, PowerSchool Holdings, that is commonly referred to as Naviance.

10

1.25    "**Notice**" means the notice of this proposed Amended Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Amended Agreement, is consistent with the requirements of Due Process, Federal Rule of Civil Procedure 23, and is substantially in the form of **Exhibits B, C and D**, hereto.

1.26    "**Notice Date**" means the date by which the Notice set forth in Paragraph 4.1 is complete (not including any reminder notices), which shall be no later than sixty-two (62) days after Preliminary Approval.

1.27    "**Objection/Exclusion Deadline**" means the date by which a written objection to this Amended Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than forty-five (45) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.1(f), or such other date as ordered by the Court.

1.28    "**Person**" shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their owners, members, partners, shareholders, spouses, heirs, predecessors, successors, representatives or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

1.29    "**Plaintiffs**" means Q.J. and the Settlement Class Members.

11

**1.30** **"PowerSchool"** means Hobsons and PowerSchool Holdings (defined below), collectively.

**1.31** **"PowerSchool Holdings"** means PowerSchool Holdings LLC or its successors or assigns.

**1.32** **"PowerSchool Holdings' Counsel"** means Martin L. Roth of Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois 60654 and Olivia Adendorff of Kirkland & Ellis LLP, 4550 Travis Street, Dallas, Texas 75205.

**1.33** **"PowerSchool's Counsel"** means Hobsons' and PowerSchool Holdings' counsel, collectively.

**1.34** **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of this Amended Settlement Agreement and approval of the form and manner of the Notice.

**1.35** **"Preliminary Approval Order"** means the order preliminarily approving the Amended Settlement Agreement, certifying the Settlement Class for settlement purposes and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiff's motion for preliminary approval of the Amended Agreement.

**1.36** **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the

ECPA, SCA, CIPA, IEA, ISSRA, the Fourth and Fourteenth Amendments of the United States Constitution, breach of contract, intrusion upon seclusion, unjust enrichment, or other state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act related to Defendants' alleged roles in the alleged nonconsensual interception or disclosure of information and communications of Settlement Class Members while using the Naviance Platform during the Class Period, including but not limited to all claims that were brought or could have been brought in the Action.

1.37    "**Released Parties**" means Defendants, as well as any and all of their past, present and/or future heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, related companies, subsidiaries, affiliates, licensors, licensees, associates, affiliates, employers, agents, consultants, insurers, reinsurers, independent contractors, including each of their respective employees, owners, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.38    "**Releasing Parties**" means Plaintiff, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective past, present and/or future heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, directors, managing directors, officers, partners, principals, members, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, successors in interest, assigns and companies, firms, trusts and corporations.

13

1.39    "**Settlement Administration Expenses**" means the expenses incurred by the Settlement Administrator in providing Notice (including CAFA notice), processing claims, responding to inquiries from members of the Settlement Class, mailing checks for Approved Claims and related services.

1.40    "**Settlement Administrator**" means Kroll Settlement Administration LLC or such other reputable administration company that has been selected by the Parties and approved by the Court to oversee the distribution of Notice, as well as the processing and payment of Approved Claims to the Settlement Class as set forth in this Amended Agreement. Class Counsel's assent to this Amended Agreement shall constitute consent on behalf of each and every member of the Settlement Class as defined herein to disclose all information required by the Settlement Administrator to perform the duties and functions ascribed to it herein.

1.41    "**Settlement Class**" means all persons in the United States who, while a student, logged into the product offered by Hobsons and, later, PowerSchool Holdings, that is commonly referred to as Naviance (the "Naviance Platform"), at least once during the period beginning on August 18, 2021 and continuing through January 23, 2026 (the "Class Period"). For the avoidance of doubt, the Class Period includes times where Heap or other third-party analytics software were integrated and embedded into the Naviance Platform. Excluded from the Settlement Class are: (a) any Judge or Magistrate presiding over this Action and members of their families; (b) Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers, directors, agents, attorneys and employees; (c) persons who properly execute and file a timely request for exclusion from the class; and (d) the legal representatives, successors or assigns of any such excluded persons.

14

**1.42** "**Settlement Class Member**" means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

**1.43** "**Settlement Fund**" means the non-reversionary cash fund that shall be established by or on behalf of Defendants in the total amount of seventeen million two hundred fifty thousand dollars ($17,250,000.00 USD) to be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon. From the Settlement Fund, the Settlement Administrator shall pay all Approved Claims made by Settlement Class Members, Settlement Administration Expenses, any service award to the Class Representative and any Fee Award to Class Counsel. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the total extent of Defendants' monetary obligations under this Amended Agreement.

**1.44** "**Unknown Claims**" means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Amended Settlement Agreement.

**2.** **SETTLEMENT RELIEF**.

**2.1** **Payments to Settlement Class Members**.

    **(a)** Defendants will fund the Settlement Fund as follows:

i.    Within twenty-five (25) days after February 25, 2026, Defendants will pre-fund the Settlement Fund in the amount of five million dollars ($5,000,000 USD), which shall be available to pay Settlement Fund account costs and Settlement Administration Expenses incurred prior to entry of Final Judgment. Such amount will be deducted from the total amount of the Settlement Fund such that after entry of Final Judgment in accordance with this Amended Settlement Agreement, Defendants shall only be required to pay an additional twelve million two hundred fifty thousand dollars ($12,250,000.00 USD) into the Settlement Fund as specified in 2.1(a)(ii) below; and

ii.    An amount of twelve million two hundred fifty thousand dollars ($12,250,000.00 USD) shall be paid by Defendants to the Settlement Fund within twenty-five (25) days after the entry of Final Judgment.

iii.    For the avoidance of doubt, Defendants' liability under this Amended Settlement Agreement shall not exceed the amount of the Settlement Fund, and Releasing Parties shall look solely to the Settlement Fund for settlement and satisfaction of all Released Claims.

**(b)**    Settlement Class Members shall have until the Claims Deadline to submit an Approved Claim. Each Settlement Class Member with an Approved Claim shall be entitled to a *pro rata* payment from the Settlement Fund by check, PayPal, Venmo or Zelle, at the Settlement Class Member's election, after deducting the Settlement Administration Expenses, Fee Award and any service award.

16

**(c)**      Payments to all Settlement Class Members with Approved Claims shall be made within forty-five (45) days after the Effective Date. Each check issued will state on its face that the check will expire and become null and void unless cashed within one hundred eighty (180) days of the date of issuance. To the extent that a check issued to a Settlement Class Member is not cashed within one hundred eighty (180) days after the date of issuance (which issuance shall be no sooner than five (5) days prior to such check's mailing), the check will be void.

**(d)**      To the extent that any checks issued to a Settlement Class Member are not cashed within one hundred eighty (180) days after the date of issuance, or any electronic deposits are unable to be processed within one hundred (180) days of the first attempt, such uncashed check funds and non-processed electronic deposits shall be redistributed on a *pro rata* basis (after first deducting any necessary Settlement Administration Expenses from such uncashed check funds and non-processed electronic deposits) to all Settlement Class Members who cashed checks or received electronic payments during the initial distribution, but only to the extent each Settlement Class Member would receive at least $5.00 in any such secondary distribution and if otherwise feasible. To the extent each Settlement Class Member would receive less than $5.00 in any such secondary distribution, or if a secondary distribution would be otherwise infeasible, any uncashed check funds and non-processed electronic deposits shall, subject to Court approval, revert to the Electronic Frontier Foundation, a non-sectarian, not-for-profit organization, or another non-sectarian, not-for-profit organization(s) recommended by Class Counsel and approved by the Court.

**(e)**      All taxes owed by the Settlement Fund shall be paid out of the Settlement Fund and shall be timely paid from the Settlement Fund without prior order of the Court.  Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for taxes

17

(including, without limitation, taxes payable by reason of any such indemnification payments). Under no circumstances will Defendants have any liability for taxes or tax expenses under the Amended Settlement Agreement. Settlement Class Members understand and agree that they are responsible for any tax consequences arising from, related to or in any way connected with payments received under this Amended Settlement Agreement.

(f)     Defendants and their counsel shall not have any responsibility for or liability whatsoever with respect to: (i) any act, omission or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Amended Settlement Agreement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any taxes, expenses and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns. Defendants also shall have no obligation to communicate with Settlement Class Members and others regarding amounts paid under the Amended Settlement Agreement.

(g)     Subject to the provisions pertaining to the termination or cancellation of the Amended Settlement, as set forth in Paragraph 9, no portion of the Settlement Fund shall revert back to Defendants.

2.2     **Prospective Relief**.

(a)     Within thirty (30) days of entry of Final Judgment, PowerSchool shall create a web governance committee ("Web Governance Committee") that will assess the implementation and use of analytics and advertising technologies within the Naviance Platform to evaluate whether such use is consistent with applicable law. Additionally, while continuing to deny

liability, PowerSchool agrees that for the next two years, it will not use within the Naviance Platform any software, technology and/or code offered or provided by any third party, including but not limited to: (a) Heap Inc.; (b) Google LLC; (c) Microsoft Corporation; (d) Hotjar Inc.; and (d) Gainsight, Inc., unless the Web Governance Committee determines that such use is consistent with applicable law at that time. For the avoidance of doubt, this Paragraph does not apply to software, technology and/or code offered or provided by data subprocessors, such as Amazon Web Services, Azure or Snowflake.

**(b)** Within thirty (30) days of entry of Final Judgment, PowerSchool shall supplement its existing disclosures in the Privacy Statement linked on the student.naviance.com landing page of the Naviance Platform to notify students about third-party analytics and advertising technologies implemented within the Naviance Platform, including but not limited to technologies offered by Heap Inc.; Google LLC; Microsoft Corporation; and Gainsight, Inc. Nothing in this Paragraph shall require PowerSchool to supplement disclosures for outdated or cached versions of the student.naviance.com landing page that are outside of its control.

**(c)** Upon entry of Final Judgment, PowerSchool shall instruct (a) Heap Inc.; (b) Google LLC; (c) Microsoft Corporation; and (d) Hotjar Inc. to delete within ten (10) days of Final Judgment all data and communications of all Settlement Class Members who used the Naviance Platform during the Class Period to the extent the data and communications are in the possession, custody or control of those parties. PowerSchool shall make a similar request to Gainsight, Inc. within ten (10) days of any decision to cease use of Gainsight's analytics technology.

**(d)** Within thirty (30) days of entry of Final Judgment, for a nine-month period, PowerSchool shall display via a banner on the student.naviance.com landing page of the Naviance Platform and a banner on the www.powerschool.com website a prominent notice about

19

PowerSchool's commitment to privacy that states: "PowerSchool places great importance and value on the proper handling of personal data that flows within our product as we provide services to our customers. To learn more about our Privacy Principles, read our [hyperlinked] Global Privacy Statement." Nothing in this Paragraph requires PowerSchool to alter the appearance of outdated or cached versions of the www.powerschool.com website or the student.naviance.com landing page that are outside of its control.

**(e)** From the date of entry of Final Judgment until the earlier of: (i) the fourth anniversary of the date of entry of Final Judgment, or (ii) a substantive change in the law that would significantly alter CPS's legal obligations described herein; CPS agrees to modify the contractual provisions it uses in contracts with third parties that handle Student Data, Student Confidential Information, and/or School Student Records, as those terms were defined in the July 1, 2020 Services Agreement between CPS and Hobsons, as set forth in Appendix A, hereto.

CPS further agrees that it shall require any third party entering into a contract described above to provide, on at least an annual basis, a written attestation, made under penalty of perjury, that based on a reasonable and diligent investigation, the third party reasonably believes that it is in full compliance with each provision of the contract, including, where applicable, provisions requiring compliance with the Illinois School Student Records Act ("ISSRA"), 105 ILCS 10/1, *et seq.*; the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g and its implementing regulations; the Protection of Pupil Rights Amendment, 20 U.S.C. § 1232h and its implementing regulations; the Student Online Personal Protection Act ("SOPPA"), 105 ILCS 85/1, *et seq.*; the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq.*; and the Illinois Eavesdropping Act, 720 ILCS 5/14-1, *et seq.*

**(f)** Within ten (10) days of entry of Final Judgment, Heap shall delete all primary – as distinct from backup – data and communications of Settlement Class Members who used the Naviance Platform during the Class Period to the extent the data and communications are in Heap's possession, custody or control. Within thirty (30) days of entry of Final Judgment, Heap shall delete all backup data and communications. For the avoidance of doubt, upon the deletion of the backup data and communications described herein, all data and communications of Settlement Class Members in Heap's possession, custody or control shall have been deleted.

3. **RELEASE**.

3.1 The obligations incurred pursuant to this Amended Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

3.2 The Parties stipulate and agree that upon the Effective Date and in consideration of the promises and covenants set forth in this Amended Settlement Agreement, the Class Representative expressly shall have, and by operation of the Final Judgment, the Releasing Parties shall have, fully, finally and forever completed released, relinquished and discharged the Released Parties from any and all Released Claims (the "Release"). The Releasing Parties may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but that it is their intention to release fully, finally and forever all of the Released Claims, and in furtherance of such intention, the Release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making this Amended Agreement, the Parties assume the risk of any mistake of fact or law, and the Release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

**(a)** The Release shall be included as part of the Final Approval Order and Final Judgment so that all claims released thereby shall be barred by principles of res judicata, collateral estoppel and claim and issue preclusion.

**(b)** The Release shall constitute and may be pled as a complete defense to any proceeding filed by any Releasing Party arising from, relating to or filed in connection with the Released Claims as to any of the Released Parties.

**(c)** Subject to Court approval, as of the Effective Date, Plaintiff and all Releasing Parties shall be bound by this Amended Settlement Agreement and the Release, and all of the Released Claims, including Unknown Claims, shall be dismissed with prejudice and released as to the Released Parties.

**(d)** Without in any way limiting the scope of the Release, and except as otherwise provided in this Amended Settlement Agreement, the Release covers, now and forever any and all claims for attorneys' fees, costs or disbursements incurred by Plaintiff's counsel or any other counsel representing Plaintiff or Releasing Parties, or any of them, in connection with or related in any manner to the Action or claims that were or could have been asserted in the Action, the settlement described herein, the administration of such settlement and/or the Released Claims. For the avoidance of doubt, Defendants shall not be liable for any additional attorneys' fees and expenses of any Settlement Class Members' counsel, including any potential objectors or counsel representing a Settlement Class Member individually, other than what is expressly provided for in this Amended Agreement. Class Counsel represent and warrant that they have no attorneys' liens with the Class Representative and/or any Settlement Class Member. Class Counsel agree to hold Defendants harmless from any claim regarding the division of any award of Attorneys' Fees, and

22

any claim that the term "Class Counsel" fails to include any counsel, Person, or firm who claims that they are entitled to a share of any Attorneys' Fees and expense award in this Action.

(e)     The Releasing Parties expressly waive and relinquish any and all rights, benefits and protections afforded by any state or federal statute or common law principle limiting the scope of a general release or limiting the release of the claim which Releasing Parties do not know, anticipate or suspect to exist in their favor, including Section 1542 of the California Civil Code, and do so understanding and acknowledging the significance of such specific waiver of Section 1542 and any other such applicable statute or common law principle. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Thus, notwithstanding the provisions of Section 1542 or any other such applicable statute or common law principle, and for the purposes of implementing a full and complete release and discharge with respect to those matters that are the subject of the Release given in this Amended Settlement Agreement, the Parties expressly acknowledge that the Release is intended to include in its effect claims or facts within the scope of the Release given in this Amended Settlement Agreement that the Releasing Parties do not know or suspect to exist in their favor at the time of execution hereof.

3.3     Releasing Parties further covenant and agree not to commence, file, initiate, institute, prosecute, maintain or consent to any action or proceeding against the Released Parties based on the Released Claims.

23

**3.4** Class Counsel, Plaintiff and Settlement Class Members represent and warrant that they are not aware of any attorney liens being issued with respect to the subject matter of this litigation, and they hereby indemnify Defendants in the event a valid attorney lien is in effect that was provided to them or that they were or should have been aware of.

**4.** **NOTICE TO THE CLASS**.

**4.1** The Notice Plan shall consist of the following:

**(a)** *Settlement Class List*. On February 25, 2026, PowerSchool produced to the Settlement Administrator an electronic list or lists from its records that included the names, last known U.S. Mail addresses, email addresses, mobile phone numbers and telephone numbers, to the extent available, belonging to Persons within the Settlement Class and/or their parents or legal guardians to the extent PowerSchool's records associate such parents or legal guardians with one or more Settlement Class Members. Class Counsel's assent to the initial settlement agreement constituted consent on behalf of each and every member of the Settlement Class as defined herein to disclose this information, consistent with the consent provisions of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and its implementing regulations, as well as similar provisions of state laws. This electronic document shall be called the "Class List," and shall be provided solely to the Settlement Administrator.

**(b)** *Direct Notice.* In the event that the Court preliminarily approves the settlement described herein, no later than the Notice Date, the Settlement Administrator shall send Notice via email substantially in the form attached as **Exhibit C**, hereto, along with an electronic link to the Claim Form, to all Settlement Class Members and their parents and/or legal guardians, to the extent PowerSchool's records associate such parents or legal guardians with one or more Settlement Class Members, for whom a valid email address is available in the Class List or can otherwise be ascertained by the Settlement Administrator. In the event transmission of email notice

24

results in any "bounce-backs," the Settlement Administrator shall, where reasonable, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to resend the email notice. In the event the second email attempt fails, or in the event that a known email address is not available for a Settlement Class Member and cannot otherwise be ascertained, then the Settlement Administrator shall send Notice via First Class Mail substantially in the form of **Exhibit D**, hereto.

(c) *Digital Notice*: If the Settlement Administrator determines that digital notice is prudent, the Settlement Administrator shall disseminate digital notices via targeted digital advertising on multiple advertising networks and social media platforms that contain information regarding the settlement described herein and include the ability to directly access the Settlement Website (as described in Paragraph 4.1(f), below) and the Claim Form via hyperlinks. The digital notice may also include notice within the Naviance Platform, and PowerSchool agrees to work in good faith to facilitate such notice to the extent practicable.

(d) *Update Addresses.* Prior to mailing any Notice, the Settlement Administrator will update the U.S. mail addresses of Persons on the Class List using the National Change of Address database and other available resources deemed suitable by the Settlement Administrator. The Settlement Administrator shall take all reasonable steps to obtain the correct address of any Settlement Class Members for whom Notice is returned by the U.S. Postal Service as undeliverable and shall attempt re-mailings.

(e) *Reminder Notice.* Both thirty (30) days prior to the Claims Deadline and seven (7) days prior to the Claims Deadline, the Settlement Administrator shall again send Notice via email in the form attached as **Exhibit C**, hereto (with minor, non-material modifications to indicate that it is a reminder notice email rather than an initial notice), along with an electronic

25

link to the Claim Form, to all Settlement Class Members for whom a valid email address is available in the Class List.

**(f)** *Settlement Website.* Within five (5) days from entry of the Preliminary Approval Order, Notice shall be provided on a website at www.powerschoolnaviancesettlement.com which shall be obtained, administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms on-line. The Notice provided on the Settlement Website shall be substantially in the form of **Exhibit B**, hereto.

**(g)** *CAFA Notice.* Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class Members reside, the Attorney General of the United States, and any other required government officials, notice of the proposed settlement as required by law.

**(h)** *Contact from Class Counsel.* Class Counsel, in its capacity as counsel to Settlement Class Members, may from time-to-time contact Settlement Class Members to provide information about the Amended Settlement Agreement and to answer any questions Settlement Class Members may have about the Amended Settlement Agreement.

**4.2** The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon and/or object to the Amended Settlement Agreement or any of its terms. The Notice shall specify that any objection to the Amended Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time: (a) files copies of such papers he or she proposes to be submitted at the Final

26

Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's CM/ECF system; and (b) sends copies of such papers by mail, hand or overnight delivery service to Class Counsel, Defendants' Counsel and the Settlement Administrator.

4.3     Any Settlement Class Member who intends to object to this Amended Agreement must present the objection in writing, which must be personally signed by the objector, and must include:  (a) the objector's name and address; (b) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (c) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (d) the name and contact information of any and all attorneys representing, advising or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (e) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

4.4     If a Settlement Class Member or any of the Objecting Attorneys has objected to any other class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Any challenge to the Final Approval Order or the Final Judgment shall be pursuant to a direct appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

4.5     A Settlement Class Member may request to be excluded from the Settlement Class by sending a timely written request postmarked on or before the Objection/Exclusion Deadline

27

approved by the Court and specified in the Notice. To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing: (a) his/her name and address; (b) a signature; (c) the name and number of this case; and (d) a statement that he or she wishes to be excluded from the Settlement Class for purposes of this settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Amended Agreement, if approved. Any member of the Settlement Class who validly elects to be excluded from this Amended Agreement shall not: (a) be bound by any orders or the Final Judgment; (b) be entitled to relief under this Amended Settlement Agreement; (c) gain any rights by virtue of this Amended Agreement; and (d) be entitled to object to any aspect of this Amended Agreement. The request for exclusion must be personally signed by each Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.

4.6     The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice described in Paragraph 4.1(f) is provided.

4.7     Any Settlement Class Member who does not, using the procedures set forth in this Amended Agreement and the Notice, either seek exclusion from the Settlement Class or timely file a valid Claim Form shall not be entitled to receive any payment or benefits pursuant to this Amended Agreement, but will otherwise be bound by all of the terms of this Amended Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided

28

for in the Amended Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

5.     **SETTLEMENT ADMINISTRATION**.

**5.1**     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Amended Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Amended Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices, and such records will be made available to Class Counsel and Defendants' Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendants' Counsel with information concerning Notice, administration and implementation of the Amended Settlement Agreement. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

**(a)**     Receive requests to be excluded from the Settlement Class and other requests and promptly provide Class Counsel and Defendants' Counsel copies thereof. If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendants' Counsel;

**(b)**     Provide weekly reports to Class Counsel and Defendants' Counsel, including without limitation, reports regarding the number of Claim Forms received, the number

29

of Claim Forms approved by the Settlement Administrator, the categorization and description of Claim Forms rejected in whole or in part by the Settlement Administrator, and the number of opt outs; and

        **(c)**     Make available for inspection by Class Counsel or Defendants' Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

    **5.2**    The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud. The Settlement Administrator will reject any claim that does not comply in any material respect with the instructions on the Claim Form or the terms of Paragraphs 1.3 and/or 1.5, above, or is submitted after the Claims Deadline. Each Claimant who submits an invalid Claim Form to the Settlement Administrator must be give a notice of the Claim Form deficiency and an opportunity to cure the deficiency within twenty-one (21) days of the date of the notice. The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

    **5.3**    Defendants' Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members and to obtain and review supporting documentation relating to such Claim Form. The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendants' Counsel as to the validity of any disputed submitted Claim Form. To the extent Class Counsel and Defendants' Counsel are not able to agree on the disposition of a challenge, the disputed claim shall be submitted to the Court for a binding determination.

**5.4** In the exercise of its duties outlined in this Amended Agreement, the Settlement Administrator shall have the right to reasonably request additional information from Class Counsel, Defendants' Counsel or any Settlement Class Member.

6. **TERMINATION OF SETTLEMENT**.

**6.1** Subject to Paragraphs 9.1-9.4 below, Defendants or the Class Representative on behalf of the Settlement Class, shall have the right to terminate this Amended Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days after the occurrence of any of the following events, *provided* however that the Parties first confer in good faith to attempt to address or cure the basis for such event, including by revising this Amended Agreement if feasible, and have exhausted any available motion for reconsideration or appeal of the Court's ruling: (a) the Court's refusal to grant Preliminary Approval of this Amended Agreement in any material respect; (b) the Court's refusal to grant final approval of this Amended Agreement in any material respect; (c) the Court's refusal to enter the Final Judgment in this Action in any material respect; or (d) the date upon which the Final Judgment is modified or reversed in any material respect by an Appellate Court or the Supreme Court.

**6.2** In addition, if seven (7) days after the Objection/Exclusion Deadline the total number of opt out Settlement Class Members exceeds the number set forth in Appendix B, hereto, Defendants may withdraw from and terminate this Amended Settlement Agreement. Prior to withdrawing from or terminating this Amended Settlement Agreement based on the occurrence of the condition set forth in this Paragraph 6.2, Defendants must provide written notice to Class Counsel. Class Counsel shall have forty-five (45) days after the date of the notice or such longer period as agreed to by the Parties to address the number of Settlement Class Members who have

31

excluded themselves from the Settlement Class in an effort to reduce the number below the number specified in Appendix B. In the event Defendants withdraw from or terminate the Amended Settlement Agreement pursuant to the provisions of this Paragraph 6.2, the Amended Agreement shall be null and void, and the status of the litigation shall be as it was prior to the stay of this case entered on January 26, 2026 (Dkt. 206). The Parties agree that Appendix B, hereto, shall be filed under seal if permitted by the Court.

**6.3**     The Parties agree that the Court's failure to approve, in whole or in part, the Fee Award to Class Counsel and/or the service award set forth in Paragraph 8 below shall not prevent the Amended Agreement from becoming effective, nor shall it be grounds for termination. The procedures for any application for approval of attorneys' fees, costs and expenses or a service award are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement described herein.

**7.     PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER**.

**7.1**     Promptly after the execution of this Amended Settlement Agreement, Class Counsel shall submit this Amended Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Amended Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representative; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination substantially in the form of **Exhibits A, B, C and D**, hereto. The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all Exhibits to this Agreement) so long as they are consistent in all material

respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class.

**7.2**     At the time of the submission of this Amended Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

**7.3**     After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will among other things:

**(a)**     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Amended Agreement, including all Exhibits thereto;

**(b)**     approve the Amended Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Amended Agreement according to its terms and provisions; and declare the Amended Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

**(c)**     find that the Notice implemented pursuant to the Amended Agreement: (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Amended Agreement and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements

33

of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and the rules of the Court;

(d)     find that the Class Representative and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Amended Agreement;

(e)     dismiss the Action (including all individual claims and Settlement Class claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Amended Settlement Agreement;

(f)     incorporate the Release set forth above, make the Release effective as of the date of the Effective Date and forever discharge the Released Parties as set forth herein;

(g)     permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims;

(h)     without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Amended Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

(i)     incorporate any other provisions, as the Court deems necessary and just.

## 8.     CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; SERVICE AWARD.

8.1     Defendants agree that Class Counsel shall be entitled to an award of reasonable attorneys' fees and reimbursement of reasonable costs and expenses out of the Settlement Fund in an amount to be determined by the Court as the Fee Award. With no consideration given or received, Class Counsel will limit its petition for attorneys' fees to no more than 37% of the

Settlement Fund after Settlement Administration Expenses, litigation expenses and any service award are deducted. Class Counsel may also seek reimbursement of its reasonable litigation costs and expenses. Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund for distribution to eligible Settlement Class Members.

**8.2** The Fee Award shall be payable within thirty (30) days following receipt of the Court's Final Judgment, subject to Class Counsel providing all payment routing information and the tax I.D. number for Class Counsel. Payment of the Fee Award shall be made by wire transfer to Drury Legal, LLC in accordance with wire instructions to be provided to the Settlement Administrator by Drury Legal, LLC and completion of necessary forms, including but not limited to Form W-9.

**8.3** Class Counsel intends to file a motion for Court approval of a service award for the Class Representative, to be paid from the Settlement Fund, in addition to any funds the Class Representative stands to otherwise receive from the settlement. With no consideration having been given or received for this limitation, the Class Representative will seek no more than five thousand dollars ($5,000.00 USD) as a service award for his efforts on behalf of the Settlement Class. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund for distribution to eligible Settlement Class Members. Such award shall be paid from the Settlement Fund (in the form of a check to the Class Representative that is sent to the care of Class Counsel), within thirty (30) days after the Effective Date.

9.    **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

    **9.1**    The Effective Date of this Amended Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

        **(a)**    The Parties and their counsel have executed this Amended Agreement;

        **(b)**    The Court has entered the Preliminary Approval Order;

        **(c)**    The number of opt outs does not exceed the number set forth in Appendix B;

        **(d)**    The Court has entered an order finally approving the Amended Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Amended Agreement in all material respects; and

        **(e)**    The Final Judgment has become Final, as defined above.

    **9.2**    If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Amended Agreement is not approved by the Court, or the settlement set forth in this Amended Agreement is terminated or fails to become effective in accordance with its terms, then this Amended Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendants' Counsel mutually agree to proceed with this Amended Agreement. In the event of cancellation and termination, Defendants reserve the right to assert any and all objections and defenses to certification of a class, and neither the Amended Settlement Agreement nor any order or other action relating to the Amended Settlement Agreement shall be offered by any Person as evidence in support of a motion to certify a class for a purpose other than settlement.

36

**9.3**     If before the Settlement Fund is fully funded, any Party is in material breach of the terms hereof, and fails to cure the material breach within thirty (30) days of notice, any other Party, provided that it is in substantial compliance with the terms of this Amended Agreement, may terminate this Amended Agreement on notice to all of the Settling Parties.

**9.4**     If this Amended Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1 and 9.1-9.3, above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Amended Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Amended Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Amended Agreement had never been entered into.

**10.     MISCELLANEOUS PROVISIONS.**

**10.1**     Class Representative and Class Counsel agree to use any and all of the discovery received from Defendants only for the purpose of this Action and to destroy all discovery received from Defendants pursuant to the provisions of the Confidentiality Order (Dkt. 91).

**10.2**     The Parties: (a) acknowledge that it is their intent to consummate this Amended Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Amended Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Amended Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals. Class Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Amended Settlement Agreement, entry of the Preliminary Approval Order and the Final Judgment, and promptly to agree upon and execute all

such other documentation as may be reasonably required to obtain final approval of the Amended Agreement.

**10.3** The Parties intend this Amended Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendants, or each or any of them, in bad faith or without a reasonable basis.

**10.4** The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing Amended Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.5** Whether or not the Effective Date occurs or the Amended Settlement Agreement is terminated, neither this Amended Agreement nor the settlement contained herein, nor any act or communication performed or document executed pursuant to or in furtherance of this Amended Agreement or the settlement:

**(a)** is, may be deemed or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence or fault of the Released Parties, or any of them;

38

**(b)**      is, may be deemed or shall be used, offered or received against any Released Party, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

**(c)**      is, may be deemed or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Amended Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Amended Agreement and/or settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Amended Agreement. Further, if this Amended Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Amended Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

**(d)**      is, may be deemed or shall be construed against Plaintiff, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

39

**(e)** is, may be deemed or shall be construed as or received in evidence as an admission or concession against Plaintiff, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.6     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.7     The waiver by one Party of any breach of this Amended Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Amended Agreement.

10.8     All of the Exhibits to this Amended Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

10.9     This Amended Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Amended Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Amended Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest. Amendments and modifications may be made without notice to Settlement Class Members unless notice is required by law or by the Court.

10.10     Except as otherwise provided herein, each Party shall bear its own costs.

**10.11**   Plaintiff represents and warrants that he has not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that he is fully entitled to release the same.

**10.12**   Each counsel or other Person executing this Amended Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Amended Agreement to effectuate its terms. Class Counsel in particular warrants that it is authorized to execute this Amended Settlement Agreement on behalf of Plaintiff and the Settlement Class (subject to final approval by the Court after notice to all Settlement Class Members), and that all actions necessary for the execution of this Amended Settlement Agreement have been taken.

**10.13**   This Amended Agreement may be executed in one or more counterparts. Signature by digital means, facsimile or in PDF format will constitute sufficient execution of this Amended Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.14**   This Amended Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.15**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Amended Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Amended Agreement.

**10.16** This Amended Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois.

**10.17** This Amended Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms'-length negotiations among the Parties. Because all Parties have contributed substantially and materially to the preparation of this Amended Agreement, it shall not be construed more strictly against one Party than another.

**10.18** Where this Amended Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:

Scott R. Drury
Drury Legal, LLC
6 Carriage Lane
Highwood, Illinois 60040
*Counsel for Class Representative and the Settlement Class*

Christopher J. Esbrook
Zachary Sorman
Esbrook, P.C.
321 North Clark Street, Suite 1930
Chicago, Illinois 60654
*Counsel for CPS*

Josh M. Kantrow
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
*Counsel for Heap*

Martin L. Roth
Kirkland & Ellis LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654

Olivia Adendorff
Kirkland & Ellis LLP
4550 Travis Street
Dallas, Texas 75205
*Counsel for PowerSchool*

42

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: Mar 20, 2026           **Q.J.**

By: *Quinten Jones*
       Quinten Jones (Mar 20, 2026 11:17:17 CDT)

Q.J., individually and as representative of the Class

Dated: _____    **POWERSCHOOL HOLDINGS LLC**

By:_____

Name
Its:
PowerSchool Holdings LLC

Dated: _____    **HOBSONS, INC.**

By:_____

Name
Its:
Hobsons, Inc.

Dated: _____    **HEAP INC., NOW KNOWN AS CONTENT SQUARE, INC.**

By:_____

Name
Its:
Heap Inc., Now Known as Content Square, Inc.

43

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____      **Q.J.**

By: _____

Q.J., individually and as representative of the Class

Dated: 3/22/2026      **POWERSCHOOL HOLDINGS LLC**

By: _____
    Michael Bisignano

Name      Michael Bisignano
Its:      Chief Legal Officer
PowerSchool Holdings LLC

Dated: 3/22/2026      **HOBSONS, INC.**

By: _____
    Michael Bisignano

Name      Michael Bisignano
Its:      Chief Legal Officer
Hobsons, Inc.

Dated: _____      **HEAP INC., NOW KNOWN AS CONTENT SQUARE, INC.**

By: _____

Name
Its:
Heap Inc., Now Known as Content Square, Inc.

43

**IT IS SO AGREED TO BY THE PARTIES**:


Dated: _____          **Q.J.**



By:_____

Q.J., individually and as representative of the Class



Dated: _____          **POWERSCHOOL HOLDINGS LLC**



By:_____

Name
Its:
PowerSchool Holdings LLC



Dated: _____          **HOBSONS, INC.**



By:_____

Name
Its:
Hobsons, Inc.



Dated: 20 March 2026          **HEAP INC., NOW KNOWN AS CONTENT SQUARE, INC.**
_____

Signed by:

*Marcela Martin*

By:_____
6C7971B7A0F2418...

Name   Marcela Martin
Its:    Chief Financial Officer
Heap Inc., Now Known as Content Square, Inc.


43

Dated: 3/19/2026 _____

**BOARD OF EDUCATION OF THE CITY OF CHICAGO**

Signed by:

By: *Elizabeth k Barton* _____
974F0DEB7385497...

Name
Its:
Board of Education of the City of Chicago

**IT IS SO STIPULATED BY COUNSEL:**

Dated: _____

**DRURY LEGAL, LLC**

By: _____
Scott R. Drury
scott@drurylegal.com
DRURY LEGAL, LLC
6 Carriage Lane
Highwood, Illinois 60040
Tel: (312) 358-8225

*Attorneys for Class Representative and the Settlement Class*

Dated: _____

**KIRKLAND & ELLIS LLP**

By: _____
Martin L. Roth
rothm@kirkland.com
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Tel: (312) 862-7170

Olivia Adendorff
olivia.adendorff@kirkland.com
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, Texas 75205
Tel: (214) 972-1758

*Attorneys for PowerSchool Holdings LLC and Hobsons, Inc.*

44

Dated: _____      **BOARD OF EDUCATION OF THE CITY OF CHICAGO**


By:_____

Name
Its:
Board of Education of the City of Chicago


**IT IS SO STIPULATED BY COUNSEL:**

Dated: _March 20, 2026_____      **DRURY LEGAL, LLC**

By: _____
Scott R. Drury
scott@drurylegal.com
DRURY LEGAL, LLC
6 Carriage Lane
Highwood, Illinois 60040
Tel: (312) 358-8225

*Attorneys for Class Representative and the
Settlement Class*


Dated: _March 19, 2026_____      **KIRKLAND & ELLIS LLP**

By:_____
Martin L. Roth
rothm@kirkland.com
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Tel: (312) 862-7170

Olivia Adendorff
olivia.adendorff@kirkland.com
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, Texas 75205
Tel: (214) 972-1758

*Attorneys for PowerSchool Holdings LLC and
Hobsons, Inc.*

Dated:  3/19/26                          **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                                         By: _____
                                         Josh M. Kantrow
                                         josh.kantrow@lewisbrisbois.com
                                         LEWIS BRISBOIS BISGAARD & SMITH LLP
                                         550 West Adams Street, Suite 300
                                         Chicago, Illinois 60661
                                         Tel: (312) 463-3445

                                         *Attorneys for Heap, Inc., Now Known as Content
                                         Square, Inc.*


Dated:  _____                **ESBROOK, P.C.**

                                         By: _____
                                         Christopher J. Esbrook
                                         christopher.esbrook@esbrook.com
                                         Zachary Sorman
                                         zachary.sorman@esbrook.com
                                         ESBROOK, P.C.
                                         321 North Clark Street, Suite 1930
                                         Chicago, Illinois 60654
                                         Tel: (312) 910-0954

                                         *Counsel for Board of Education of the City of
                                         Chicago*

Dated: _____

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: _____

Josh M. Kantrow
josh.kantrow@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Tel: (312) 463-3445

*Attorneys for Heap, Inc., Now Known as Content Square, Inc.*


Dated: 3/19/2026 _____

**ESBROOK, P.C.**

By: *Christopher Esbrook* _____

Christopher J. Esbrook
christopher.esbrook@esbrook.com
Zachary Sorman
zachary.sorman@esbrook.com
ESBROOK, P.C.
321 North Clark Street, Suite 1930
Chicago, Illinois 60654
Tel: (312) 910-0954

*Counsel for Board of Education of the City of Chicago*

**APPENDIX A**

**PROSPECTIVE ADDITIONS TO CPS VENDOR CONTRACTS AS SHOWN BY THE HIGHLIGHTED TEXT.[1]**

8.3.    **Use of Confidential Information.**   Except as otherwise permitted in this Agreement, Vendor shall only use Confidential Information for the sole purpose of providing the Services to the Board hereunder and shall not disclose the Confidential Information except to those of its officers, agents, employees, and subcontractors who have a need to access the Confidential Information for the performance of the obligations set forth in this Agreement. Vendor shall not copy or reproduce in any manner whatsoever the Confidential Information of the Board without the prior written consent of the Board except where required for its own internal use in accordance with the Agreement which includes to troubleshoot potential issues and use of De-Identified Data as set forth in Section 8.4. Vendor shall us at least the same standard of care in the protection of Confidential Information as Vendor uses to protect its own confidential information, but in any event such Confidential Information shall be protected in at least a commercially reasonable manner. Notwithstanding the foregoing, it is understood and agreed that such protection of Confidential Information may be subject to the special requirements of FERPA and ISSRA and SOPPA as described in the Compliance with Laws Section. Nothing in the paragraph supersedes or negates the requirements of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq.*, or the Illinois Eavesdropping Act, 720 ILCS 5/14-1, *et seq.*, and Vendor is required to comply with the provisions of each.

8.9.    **Additional Obligations Regarding Treatment of Student Data.**  In addition to the above stated obligations for the treatment and handling of Confidential Information, Vendor shall abide by the following obligations with regards to any Student Data Vendor may receive, store, transmit, handle or otherwise have access to pursuant to this Agreement.

      I.    <u>Compliance with the Student Online Personal Protection Act (SOPPA)</u>. The parties acknowledge that Student Data hereunder includes student information that is "Covered Information" subject to the Student Online Personal Protection Act (105 ILCS 85/1, *et seq.*) ("SOPPA"), and Vendor further acknowledges that Vendor: (i) is acting hereunder as an "Operator" (as the term is used in SOPPA) and a "school official" with a legitimate educational interest (as used in FERPA, 20 U.S.C. § 1232g and its implementing regulations); (ii) is performing an institutional service or function for which the Board would otherwise use employees under the direct control of the Board with respect to the use and maintenance of Covered Information as the term is defined in SOPPA; (iii) shall

---

[1] The paragraph numbers used herein correspond to the provisions as they existed in the July 1, 2020 Services Agreement between CPS and Hobsons. Paragraph numbering may vary in future agreements between CPS and third parties.

use the Covered Information only for a purpose authorized by the Board in accordance with the Board's instructions; and (iv) shall not re-disclose such information to third parties or affiliates except as authorized under this Agreement or with permission from the Board or pursuant to court order. "Covered Information" as used in this paragraph has the meaning set forth in 105 ILCS 85/5 as amended. Nothing in the paragraph supersedes or negates the requirements of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq.*, or the Illinois Eavesdropping Act, 720 ILCS 5/14-1, *et seq.*, and Vendor is required to comply with the provisions of each.

**11.2. Compliance with Laws.** Notwithstanding any other provision of this Agreement, Vendor is and shall remain in compliance with all applicable federal, state, county and municipal statutes, laws, ordinances and regulations relating to this Agreement and the performance of Services in effect now or later and as amended from time to time, including but not limited to the Prevailing Wage Act, 820 ILCS 130/1, *et seq.*, City of Chicago and Cook County Minimum Wage Ordinance, the Drug Free Workplace, the Illinois School Student Records Act ("ISSRA"), 105 ILCS 10/1, *et seq.*; the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g and its implementing regulations; the Protection of Pupil Rights Amendment, 20 U.S.C. § 1232h and its implementing regulations; the Student Online Personal Protection Act ("SOPPA"), 105 ILCS 85/1, *et seq.*; the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq.*; and the Illinois Eavesdropping Act, 720 ILCS 5/14-1, *et seq.*, and any others relating to non-discrimination. Further, Vendor is and shall remain in compliance with all applicable Board policies and rules. Board policies and rules are available at http://www.cps.edu/.

47

**APPENDIX B**

**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL**

The Parties have agreed that if the number of Settlement Class Members who elect to exclude themselves from the Settlement Class ████████, Defendants shall have the absolute and unconditional option and right to unilaterally terminate and render void this Settlement Agreement, subject to the provisions of Paragraph 6.2 of the Settlement Agreement.

# EXHIBIT A

*8337800000000*

8 3 3 7 8 0 0 0 0 0 0 0 0

<table>
<tr>
<td>

**The DEADLINE to submit or mail this Claim Form is:**
**[DATE]**

</td>
<td>

***Q.J. v. PowerSchool Holdings LLC, et al.***
In the United States District Court for the Northern District of Illinois
Case No. 1:23-cv-05689

**Settlement Claim Form**

</td>
<td>

For Office Use
Only

</td>
</tr>
</table>

**If you are a Settlement Class Member, or a parent or legal guardian of a Settlement Class Member who is a minor, and wish to receive a payment, your completed Claim Form must be postmarked or submitted online on or before [DATE].**

Please read the full Notice of this settlement (available at **www.powerschoolnaviancesettlement.com**) carefully before filling out this Claim Form.

Claimants may be eligible to receive a cash payment if they are a person in the United States who, while a student, logged into the product offered by Hobsons, Inc. and, later, PowerSchool Holdings LLC, that is commonly referred to as Naviance (the "Naviance Platform"), at least once during the period beginning on August 18, 2021 and continuing through January 23, 2026 (the "Class Period").

To be eligible to receive any benefits from the settlement obtained in this class action lawsuit, you—or if you are a minor under the age of 18, your parent/legal guardian—must submit this completed Claim Form online or by mail no later than **[DATE]**:

**ONLINE:** File a Claim Form at **www.powerschoolnaviancesettlement.com**.

**MAIL:**    ***Q.J. v. PowerSchool Holdings LLC***
**c/o Kroll Settlement Administration LLC**
**P.O. Box 225391**
**New York, NY 10150-5391**

---

**PART ONE:   STUDENT CLASS MEMBER ID**

---

If you received an email or postcard Notice, please provide the Student Class Member ID provided on the Notice you received:

**Student Class Member ID: 8 3 3 7 8 ___ ___ ___ ___ ___ ___ ___ ___**

---

**PART TWO:   STUDENT INFORMATION**

---

_____        _____
**STUDENT FIRST NAME**                                    **STUDENT LAST NAME**

**SCHOOL PROVIDED STUDENT EMAIL ADDRESS USED TO ACCESS NAVIANCE DURING THE CLASS PERIOD:**

_____@_____

---

**PART TWO:   CLAIMANT INFORMATION**

---

Provide the contact information below for the individual completing this Claim Form. It is the claimant's responsibility to notify the Settlement Administrator of any changes to their contact information after the submission of this Claim Form.

Select one, and only one, of the following by checking a box and completing the information required:

☐    **SELF** (I am at least 18 years of age. You do not need to provide Parent/Legal Guardian first and last name.)

☐    **PARENT OR LEGAL GUARDIAN OF STUDENT** (Must provide Parent/Legal Guardian first and last name **and** student information as required below for any Settlement Class Member who is a minor at the time this claim is submitted).

QUESTIONS? VISIT **www.powerschoolnaviancesettlement.com** OR CALL **(833) 447-8852** TOLL-FREE

*8337800000000*

8 3 3 7 8 0 0 0 0 0 0 0 0

_____    _____
**Parent or Legal Guardian's First Name**    **Parent or Legal Guardian's Last Name**

_____    _____
**CLAIMANT (STUDENT) FIRST NAME**    **CLAIMANT (STUDENT) LAST NAME**

**STREET ADDRESS 1:** _____

**STREET ADDRESS 2:** _____

_____  ___ ___   ___ ___ ___ ___ ___
**CITY**                                    **STATE**      **ZIP CODE**

**CURRENT EMAIL ADDRESS:** _____@_____

---

## PART THREE:  PAYMENT SELECTION

If you would like to elect to receive your settlement payment through electronic transfer (i.e. PayPal, Venmo, Zelle), please visit the Settlement Website, **www.powerschoolnaviancesettlement.com,** and timely file your Claim Form online. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option. If you do not select an electronic transfer method, you will receive a check at the address to which your Notice was sent. If you need to change your address, please visit the Settlement Website.

---

## PART FOUR:  ATTESTATION

**If the Student is filing:**

I declare under penalty of perjury under the laws of the United States of America that I am over the age of 18 and a person in the United States who, while a student, logged into the Naviance Platform at least once during the period beginning on August 18, 2021 and continuing through January 23, 2026, and that all of the information on this Claim Form is true and correct to the best of my knowledge. I understand that my Claim Form may be subject to audit, verification and Court review.

_____    ___ ___ / ___ ___ / ___ ___ ___ ___
**SIGNATURE**                            **DATE**

**If you are a parent or legal guardian filing on behalf of a minor for whom you have legal responsibility:**

I declare under penalty of perjury under the laws of the United States of America that I am the parent or legal guardian of a student in the United States who logged into the Naviance Platform at least once during the period beginning on August 18, 2021 and continuing through January 23, 2026, and that all of the information on this Claim Form is true and correct to the best of my knowledge. I understand that this Claim Form may be subject to audit, verification, and Court review.

_____    ___ ___ / ___ ___ / ___ ___ ___ ___
**SIGNATURE**                            **DATE**

**Please keep a copy of your Claim Form for your records.**

# EXHIBIT B

**U**NITED **S**TATES **D**ISTRICT **C**OURT FOR THE **N**ORTHERN **D**ISTRICT OF **I**LLINOIS
*Q.J. v. PowerSchool Holdings LLC, et al.*, Case No. 1:23-cv-05689

**Our Records Indicate that, while a Student, You or a Minor for Whom You Have Legal Responsibility Logged into Naviance and May Be Entitled to a Payment from a Class Action Settlement.**

*A Court authorized this Notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against PowerSchool Holdings LLC ("PowerSchool Holdings"); Hobsons, Inc. ("Hobsons"); Heap Inc. ("Heap"); and the Board of Education of the City of Chicago ("CPS") (collectively, the "Defendants"). The class action lawsuit seeks to recover against the Defendants for their alleged roles in the alleged non-consensual interception of students' confidential and sensitive communications while using education technology products offered by Hobsons, and later PowerSchool Holdings, including a product commonly referred to as Naviance (the "Naviance Platform"). The class action lawsuit alleges violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(a); the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 631-632; the Illinois Eavesdropping Act ("IEA"), 720 Ill. Comp. Stat. 5/14-1, *et seq.*; the Stored Communications Act ("SCA"), 18 U.S.C. § 2702(a)(1); the Illinois School Student Records Act ("ISSRA"), 5 Ill. Comp. Stat. 10/1, *et seq.*; and common law. The Defendants deny that they violated any law but have agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

- You or a minor for whom you have legal responsibility are included if you are a person in the United States who, while a student, logged into the Naviance Platform offered by Hobsons and, later, PowerSchool Holdings, at least once during the period beginning on August 18, 2021, and continuing through January 23, 2026.

- If you have legal responsibility for multiple minor students who are included, you may receive multiple Notices via email or mail. Each Notice will contain a unique Student Class Member ID (one per student).

- If approved by the Court, the Defendants will establish a Settlement Fund of $17,250,000 to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses; attorneys' fees, costs, and expenses; and a service award. If you or a minor for whom you have legal responsibility are entitled to relief, you may submit a claim to receive a *pro rata* (meaning equal) share of the Settlement Fund.

- Read this Notice carefully. Your legal rights are affected whether you act or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY [DATE]** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF BY [DATE]** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendants about the claims in this case. |
| **OBJECT BY [DATE]** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING ON [DATE/TIME]** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendants about the claims in this case. |

- Your rights and options—**and the deadlines to exercise them**—are explained in this Notice.

**B**ASIC **I**NFORMATION

QUESTIONS? CALL **(833) 447-8852** TOLL FREE, OR VISIT **WWW.POWERSCHOOLNAVIANCESETTLEMENT.COM**

1

### 1. Why was this Notice issued?

A Court authorized this Notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to give final approval to the settlement. This Notice explains the lawsuit, the settlement, and your legal rights.

The Honorable Jorge L. Alonso, of the United States District Court for the Northern District of Illinois, is overseeing this case. The case is called *Q.J. v. PowerSchool Holdings LLC, et al.*, Case No. 1:23-cv-05689. The person who has sued is called the Plaintiff. The Defendants are PowerSchool Holdings LLC ("PowerSchool Holdings"); Hobsons, Inc. ("Hobsons"); Heap Inc. ("Heap"); and the Board of Education of the City of Chicago ("CPS").

### 2. What is a class action?

In a class action, one or more people called the Class Representative(s) (in this case, Q.J.) sue on behalf of a group or a "Class" of people who have similar claims. In a class action, the Court resolves the issues for all Class members, except for those who exclude themselves from the Class.

### 3. What is this lawsuit about?

The class action lawsuit seeks to recover against the Defendants for their alleged roles in the alleged non-consensual interception of students' confidential and sensitive communications while using education technology products offered by Hobsons and, later, PowerSchool Holdings, including a product commonly referred to as Naviance or the Naviance Platform. The class action lawsuit alleges violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(a); the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 631-632; the Illinois Eavesdropping Act ("IEA"), 720 Ill. Comp. Stat. 5/14-1, *et seq.*; the Stored Communications Act ("SCA"), 18 U.S.C. § 2702(a)(1); the Illinois School Student Records Act ("ISSRA"), 5 Ill. Comp. Stat. 10/1, *et seq.*; and common law. The Defendants deny that they violated any law. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

### 4. Why is there a settlement?

The Court has not decided whether the Plaintiff or the Defendants should win this case. Instead, both sides agreed to a settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Settlement Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The **Settlement Class** is defined as:

All persons in the United States who, while a student, logged into the product offered by Hobsons and, later, PowerSchool Holdings, that is commonly referred to as Naviance (the "Naviance Platform"), at least once during the period beginning on August 18, 2021 and continuing through January 23, 2026 (the "Class Period"). For the avoidance of doubt, the Class Period includes times where Heap or other third-party analytics software were integrated and embedded into the Naviance Platform.

**THE SETTLEMENT BENEFITS**

| |
|---|
| **6. What does the settlement provide?** |

*Monetary Relief:* If approved by the Court, the Defendants will establish a Settlement Fund totaling $17,250,000. Settlement Class Member payments, as well as the cost to administer the settlement; the cost to inform people about the settlement; attorneys' fees, costs, and expenses; and a service award to the Class Representative will also come out of this fund (*see* Question 14).

*Prospective Relief:* The Defendants have also agreed to provide the following relief:

- Within thirty (30) days of entry of final judgment by the Court ("Final Judgment"), PowerSchool Holdings shall create a web governance committee ("Web Governance Committee") that will assess the implementation and use of analytics and advertising technologies within the Naviance Platform to evaluate whether such use is consistent with applicable law. Additionally, while continuing to deny liability, PowerSchool Holdings agrees that for the next two years, it will not use within the Naviance Platform any software, technology, and/or code offered or provided by any third party, including but not limited to (a) Heap Inc.; (b) Google LLC; (c) Microsoft Corporation; (d) Hotjar Inc.; and (d) Gainsight, Inc., unless the Web Governance Committee determines that such use is consistent with applicable law at that time. This provision does not apply to software, technology, and/or code offered or provided by data subprocessors, such as Amazon Web Services, Azure, or Snowflake.

- Within thirty (30) days of entry of Final Judgment, PowerSchool Holdings shall supplement its existing disclosures in the Privacy Statement linked on the student.naviance.com landing page of the Naviance Platform to notify students about third-party analytics and advertising technologies implemented within the Naviance Platform, including but not limited to technologies offered by Heap Inc.; Google LLC; Microsoft Corporation; and Gainsight, Inc. PowerSchool Holdings is not required to supplement disclosures for outdated or cached versions of the student.naviance.com landing page that are outside of its control.

- Upon entry of Final Judgment, PowerSchool Holdings shall instruct (a) Heap Inc.; (b) Google LLC; (c) Microsoft Corporation; and (d) Hotjar Inc., to delete within ten (10) days of Final Judgment all data and communications of all Settlement Class Members who used the Naviance Platform during the Class Period to the extent the data and communications are in the possession, custody, or control of those parties. PowerSchool Holdings shall make a similar request to Gainsight, Inc. within ten (10) days of any decision to cease use of Gainsight's analytics technology.

- Within thirty (30) days of entry of Final Judgment, for a nine-month period, PowerSchool Holdings shall display via a banner on the student.naviance.com landing page of the Naviance Platform and a banner on the www.powerschool.com website a prominent notice about PowerSchool Holdings' commitment to privacy that states: "PowerSchool places great importance and value on the proper handling of personal data that flows within our product as we provide services to our customers. To learn more about our Privacy Principles, read our **Global Privacy Statement**." PowerSchool Holdings is not required to alter the appearance of outdated or cached versions of the www.powerschool.com website or the student.naviance.com landing page that are outside of its control.

- From the date of entry of Final Judgment until the earlier of: (i) the fourth anniversary of the date of entry of Final Judgment, or (ii) a substantive change in the law that would significantly alter CPS's legal obligations described herein; CPS agrees to modify the contractual provisions it uses in contracts

with third parties that handle Student Data, Student Confidential Information, and/or School Student Records, as those terms were defined in the July 1, 2020 Services Agreement between CPS and Hobsons to require compliance with various federal and state laws.

- CPS further agrees that it shall require any third party entering into a contract described in the bullet-point above to provide, on at least an annual basis, a written attestation, made under penalty of perjury, that based on a reasonable and diligent investigation, the vendor reasonably believes that it is in full compliance with each provision of the contract, including, where applicable, provisions requiring compliance with the Illinois School Student Records Act ("ISSRA"), 105 ILCS 10/1, *et seq.*; the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g and its implementing regulations; the Protection of Pupil Rights Amendment, 20 U.S.C. § 1232h and its implementing regulations; the Student Online Personal Protection Act ("SOPPA"), 105 ILCS 85/1, *et seq.*; the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, *et seq.*; and the Illinois Eavesdropping Act ("IEA"), 720 ILCS 5/14-1, *et seq.*

- Within ten (10) days of entry of Final Judgment, Heap shall delete all primary – as distinct from backup – data and communications of Settlement Class Members who used the Naviance Platform during the Class Period to the extent the data and communications are in Heap's possession, custody, or control. Within thirty (30) days of entry of Final Judgment, Heap shall delete all backup data and communications. For the avoidance of doubt, upon the deletion of the backup data and communications described herein, all data and communications of Settlement Class Members in Heap's possession, custody, or control shall have been deleted.

A detailed description of the settlement benefits can be found in the **Settlement Agreement**.

| 7. How much will my payment be? |
| --- |

If you are member of the Settlement Class, you may submit a Claim Form to receive a portion of the Settlement Fund. The payment amount will depend on how many Settlement Class Members file valid claims. Each Settlement Class Member who files a valid Claim Form will receive a proportionate share of the Settlement Fund. You can contact the Settlement Administrator at **(833) 447-8852** to inquire as to the number of claims filed.

| 8. When will I get my payment? |
| --- |

The Final Approval Hearing to consider the fairness of the settlement is scheduled for **[DATE]**, at **[TIME]** **CT**. If the Court approves the settlement, eligible members of the Settlement Class whose claims were approved by the Settlement Administrator will receive their payment 45 days after the settlement has been finally approved and/or any appeals process is complete. The payment will be made in the form of a check, unless you elect to receive payment by PayPal, Venmo, or Zelle, which may only be selected when submitting an online Claim Form. All checks will expire and become void 180 days after they are issued.

## HOW TO GET BENEFITS

| 9. How do I get a payment? |
| --- |

If you are a Settlement Class Member and you want to get a payment, you **must** complete and submit a Claim Form by **[DATE]**. The online Claim Form can be found and submitted on the Settlement Website, **www.powerschoolnaviancesettlement.com** (the "Settlement Website") or by printing and

mailing a paper Claim Form, copies of which are available for download in the Documents section of the Settlement Website.

We encourage you to submit your Claim Form online. Not only is it easier and more secure, but it is completely free and takes only minutes!

### 10. How do Settlement Class Members that are minors (under the age of 18) file a claim?

If a Settlement Class Member is a minor, their claim **must** be completed and signed by their parent or legal guardian. A minor is defined as a Person who is under the age of 18.

## REMAINING IN THE SETTLEMENT

### 11. What am I giving up if I stay in the Settlement Class?

If the settlement becomes Final, you will give up your right to sue the Defendants for the claims this settlement resolves. The operative settlement agreement describes the specific claims you are giving up against the Defendants. You will be "releasing" the Defendants and certain of their affiliates described in Section 1.37 of the operative settlement agreement. Unless you exclude yourself (*see* Question 15), you are "releasing" the claims, regardless of whether you submit a claim or not. The operative settlement agreement is available through the Documents section on the Settlement Website.

The operative settlement agreement describes the Released Claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyer listed in Question 13 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

### 12. What happens if I do nothing at all?

If you do nothing, you won't get any benefits from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendants for the claims being resolved by this settlement.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in the case?

The Court has appointed Scott R. Drury of Drury Legal, LLC to be the attorney representing the Settlement Class. He is called "Class Counsel." Class Counsel believes, after conducting an extensive investigation, that the operative settlement agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for Class Counsel. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### 14. How will the lawyers be paid?

Class Counsel's attorneys' fees, costs, and expenses will be paid from the Settlement Fund in an amount determined and awarded by the Court. Class Counsel is entitled to seek no more than 37% of the $17.25 million Settlement Fund for attorneys' fees, less Settlement Administration Expenses, litigation costs and expenses, and any service award, but the Court may award less than this amount. Class Counsel may also seek reimbursement of reasonable costs and expenses, as approved by the Court.

As approved by the Court, the Class Representative will be paid a service award from the Settlement Fund for helping to bring and settle the case. The Class Representative will seek no more than $5,000 as a service award, but the Court may award less than this amount.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 15. How do I get out of the settlement?

To exclude yourself from the settlement (also called "opting out"), you must mail or otherwise deliver a letter (or "request for exclusion") stating that you want to be excluded from the *Q.J. v. PowerSchool Holdings LLC, et al.*, Case No. 1:23-cv-05689, settlement. Your letter or request for exclusion must also include your name, your address, your signature, the name and number of this case, and a statement that you wish to be excluded. You must mail or deliver your request for exclusion, which must be postmarked or received no later than **[DATE]** to:

*Q.J. v. PowerSchool Holdings LLC*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

### 16. If I don't exclude myself, can I sue the Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims being resolved by this settlement.

### 17. If I exclude myself, can I get anything from this settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

## OBJECTING TO THE SETTLEMENT

### 18. How do I object to the Settlement?

If you're a Settlement Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file with the Court a letter or brief stating that you object to the settlement in *Q.J. v. PowerSchool Holdings LLC, et al.*, Case No. 1:23-cv-05689, and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name and address; an explanation of the basis upon which you claim to be a Settlement Class Member; the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection; and your signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendants' Counsel at the addresses set forth in the table below, as well as to the Settlement Administrator at:

*Q.J. v. PowerSchool Holdings LLC*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

Class Counsel will file with the Court and post on the Settlement Website its request for attorneys' fees and reimbursement of costs and expenses by **[DATE]**.

If you want to appear and speak at the Final Approval Hearing to object to the settlement, with or without a lawyer (explained below in answer to Question 22), you must say so in your letter or brief. File the objection with the Court and mail a copy to Class Counsel, Defendants' Counsel, and the Settlement Administrator postmarked no later than **[DATE]**.

| Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| The Hon. Jorge L. Alonso Everett McKinley Dirksen U.S. Courthouse 219 South Dearborn Street Courtroom 1903 Chicago, IL 60604 | Scott R. Drury Drury Legal, LLC 6 Carriage Lane Highwood, IL 60040 | Martin L. Roth Kirkland & Ellis LLP 333 West Wolf Point Plaza Chicago, IL 60654 <br><br> Zachary Sorman Esbrook P.C. 321 North Clark Street, Suite 1930 Chicago, IL 60654 <br><br> Josh M. Kantrow Lewis Brisbois Bisgaard & Smith LLP 550 West Adams Street, Suite 300 Chicago, IL 60661 |

### 19. What's the difference between objecting and excluding myself from the settlement?

Objecting simply means telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 20. When and where will the Court decide whether to approve the settlement?

The Court will hold the Final Approval Hearing at **[TIME]** CT on **[DATE]**, in Courtroom 1903 at the Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, IL 60604. The purpose of the hearing will be for the Court to determine whether to approve the settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider Class Counsel's request for attorneys' fees and reimbursement of costs and expenses; and to consider the request for a service award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check **www.powerschoolnaviancesettlement.com** or call **(833) 447-8852**. If, however, you timely objected to the settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

### 21. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

### 22. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Q.J. v. PowerSchool Holdings LLC, et al.*, Case No. 1:23-cv-05689." It must include your name, address, telephone number, and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **[DATE]**, and be sent to the addresses listed in Questions 15 and 18.

## GETTING MORE INFORMATION

### 23. Where do I get more information?

This Notice summarizes the settlement. More details are in the operative settlement agreement, which is available on the Settlement Website at **www.powerschoolnaviancesettlement.com**. You may also write with questions to:

*Q.J. v. PowerSchool Holdings LLC*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

You can call the Settlement Administrator at **(833) 447-8852**, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the Settlement Website.

# EXHIBIT C

From: Administrator@powerschoolnaviancesettlement.com
To: <<Email Address>>
Re: Legal Notice of Class Action Settlement

**Student's Class Member ID**: <<Student RefNum>>
Student's Name: <<Student First Name>> <<Student Last Name>>

Parent or Guardian's Class Member ID: <<Refnum>>

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Q.J. v. PowerSchool Holdings LLC, et al.,* Case No. 1:23-cv-05689
**(United States District Court for the Northern District of Illinois)**

**Our Records Indicate that, while a Student, You or a Minor for Whom You Have Legal Responsibility Logged into Naviance and May Be Entitled to a Payment from a Class Action Settlement.**

*A Court authorized this Notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

This Notice is to inform you that a settlement has been reached in a class action lawsuit against PowerSchool Holdings LLC ("PowerSchool Holdings"); Hobsons, Inc. ("Hobsons"); Heap Inc. ("Heap"); and the Board of Education of the City of Chicago ("CPS") (collectively, the "Defendants"). The class action lawsuit seeks to recover against the Defendants for their alleged roles in the alleged non-consensual interception of students' confidential and sensitive communications while using education technology products offered by Hobsons and, later, PowerSchool Holdings, including a product commonly referred to as Naviance (the "Naviance Platform"). The class action lawsuit alleges violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(a); the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 631-632; the Illinois Eavesdropping Act ("IEA"), 720 Ill. Comp. Stat. 5/14-1, *et seq.*; the Stored Communications Act ("SCA"), 18 U.S.C. § 2702(a)(1); the Illinois School Student Records Act ("ISSRA"), 5 Ill. Comp. Stat. 10/1, *et seq.*; and common law. The Defendants deny that they violated any law but have agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**<u>Am I a Class Member?</u>** Our records indicate you or a minor for whom you have legal responsibility may be a Settlement Class Member. The Settlement Class includes all persons in the United States who, while a student, logged into the product offered by Hobsons and, later, PowerSchool Holdings, that is commonly referred to as Naviance (the "Naviance Platform") at least once during the period beginning on August 18, 2021 and continuing through January 23, 2026 (the "Class Period").

If you have legal responsibility for multiple minor students who are included in the Settlement Class, you may receive multiple emails, each containing a unique Student Class Member ID located at the top of this Notice.

**<u>What Can I Get?</u>** If approved by the Court, the Defendants will establish a Settlement Fund of $17,250,000 to pay all valid claims submitted by the Settlement Class, together with the cost to administer the settlement, the cost to inform people about the settlement, attorneys' fees, costs, and expenses, and a service award to the Class Representative. If you are entitled to relief, you

may submit a claim to receive a *pro rata* (meaning equal) share of the Settlement Fund. The settlement also requires that:

- within thirty (30) days of entry of final judgment by the Court ("Final Judgment"), PowerSchool Holdings shall establish a web governance committee and for the next two years, it will not use within the Naviance Platform any analytics or advertising software, technology, and/or code offered or provided by any third party unless the committee determines that such use is consistent with applicable law at that time;

- within thirty (30) days of entry of Final Judgment, PowerSchool Holdings shall supplement its existing disclosures within the Privacy Statement on the student.naviance.com landing page of the Naviance Platform to notify students about third-party analytics and advertising technologies implemented within the Naviance Platform;

- upon entry of Final Judgment, PowerSchool Holdings shall instruct various third parties to delete within ten (10) days of Final Judgment all data and communications of Settlement Class Members who used the Naviance Platform during the Class Period and shall make a similar request to Gainsight, Inc. within ten (10) days of any decision to cease use of Gainsight's analytics technology;

- Within thirty (30) days of entry of Final Judgment, for a nine-month period, PowerSchool Holdings shall display via a banner on the student.naviance.com landing page of the Naviance Platform and a banner on the www.powerschool.com website a prominent notice about PowerSchool Holdings' commitment to privacy;

- CPS shall: (i) modify the terms of its future agreements with third parties that handle certain student data, student confidential information, and school student records to require compliance with various federal and state laws; and (ii) require annual attestations confirming that compliance; and

- within thirty (30) days of the entry of Final Judgment, Heap shall delete all data and communications obtained from Settlement Class Members during the Class Period.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than** **[DATE]**. You can file a claim using the Student Class Member ID located above on the settlement website, located at **www.powerschoolnaviancesettlement.com** (the "Settlement Website"). Your payment will come by check unless you submit your claim online and elect to receive payment electronically by PayPal, Venmo, or Zelle. Only one claim may be submitted per Student Class Member ID.

**What are My Other Options?** You may exclude yourself from the Settlement Class by sending a letter to the Settlement Administrator, which must be postmarked or received no later than **[DATE]**. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendants over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than **[DATE]**. Specific instructions about how to object to, or exclude yourself from (or "opt out" of), the settlement are available on the Settlement Website. If you file a claim or do nothing, and the Court approves the settlement, you will be bound by all of

the Court's orders and judgments. In addition, all of your claims relating to the Defendants' alleged acts and/or omissions will be released.

**Who Represents Me?** The Court has appointed lawyer Scott R. Drury of Drury Legal, LLC, to represent the Settlement Class. This attorney is called Class Counsel. You will not be charged for Class Counsel. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at **[TIME] CT** on **[DATE]**, in Courtroom 1903 at the Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, IL 60604. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and reimbursement of costs and expenses; and decide whether to award the Class Representative a service award of up to $5,000 from the Settlement Fund for his service in helping to bring and settle this case. Class Counsel may request reasonable attorneys' fees in an amount not to exceed 37% of the Settlement Fund, less Settlement Administration Expenses, litigation costs and expenses, and any service award, but the Court may award less than this amount. Class Counsel may also seek reimbursement of reasonable costs and expenses, as approved by the Court.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form, and the operative settlement agreement go to **www.powerschoolnaviancesettlement.com**, contact the Settlement Administrator at **(833) 447-8852** or *Q.J. v. PowerSchool Holdings LLC*, c/o Kroll Settlement Administration LLC, P.O. Box 225391, New York, NY 10150-5391.

Unsubscribe

# EXHIBIT D

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

OUR RECORDS INDICATE
THAT, WHILE A STUDENT,
YOU OR A MINOR FOR
WHOM YOU HAVE A
LEGAL RESPONSIBILITY
LOGGED INTO NAVIANCE
AND MAY BE ENTITLED
TO A PAYMENT FROM A
CLASS ACTION
SETTLEMENT.

*Q.J. v. PowerSchool Holdings LLC*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

<<Refnum Barcode>>

Postal Service: Please do not mark barcode

Student Class Member ID: <<Refnum>>
<<Student First Name>> <<Student Last Name>>
<<Guardian First Name>> <<Guardian Last Name>>
<<Address 1>>
<<Address 2>>
<<City>>, <<St>> <<Zip>> <<-Zip4>>

A settlement has been reached in a class action lawsuit against PowerSchool Holdings LLC ("PowerSchool Holdings"); Hobsons, Inc. ("Hobsons"); Heap Inc. ("Heap"); and the Board of Education of the City of Chicago ("CPS") (collectively, the "Defendants"). The class action lawsuit seeks to recover against the Defendants for their alleged roles in the alleged non-consensual interception of students' confidential and sensitive communications while using education technology products offered by Hobsons and, later, PowerSchool Holdings, including a product commonly referred to as Naviance (the "Naviance Platform"). The class action lawsuit alleges violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(a); the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 631-632; the Illinois Eavesdropping Act ("IEA"), 720 Ill. Comp. Stat. 5/14-1, *et seq.*; the Stored Communications Act ("SCA"), 18 U.S.C. § 2702(a)(1); the Illinois School Student Records Act ("ISSRA"), 5 Ill. Comp. Stat. 10/1, *et seq.*; and common law. The Defendants deny violating any law but have agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Settlement Class Member?** Our records indicate you or a minor for whom you have legal responsibility may be a member of the Settlement Class. Settlement Class Members are all persons in the United States who, while a student, logged into the product offered by Hobsons and, later, PowerSchool Holdings, that is commonly referred to as Naviance (the "Naviance Platform"), at least once during the period beginning on August 18, 2021 and continuing through January 23, 2026. If you have legal responsibility for multiple minor students in the Settlement Class, you may receive multiple Notices containing a unique Student Class Member ID for each student.

**What Can I Get?** If approved by the Court, the Defendants will establish a Settlement Fund of $17,250,000 to pay all valid claims submitted by the Settlement Class, together with the cost to administer the settlement, the cost to inform people about the settlement, attorneys' fees, costs, and expenses, and a service award to the Class Representative. If you are entitled to relief, you may submit a claim to receive a *pro rata* (meaning equal) share of the Settlement Fund. The settlement also requires the Defendants to provide various forms of prospective relief, which is detailed in the operative settlement agreement and can be found at **www.powerschoolnaviancesettlement.com** (the "Settlement Website").

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than [DATE]**. You can file a claim either electronically on the Settlement Website by visiting **www.powerschoolnaviancesettlement.com**, or by printing and mailing in a paper Claim Form, copies of which are available for download at the Settlement Website. Your payment will come by check unless you submit your claim online and elect to receive payment electronically. One claim may be submitted per Student Class Member ID (located on the front of this Notice).

**What are My Other Options?** You may exclude yourself from the Settlement Class by sending a written request to the Settlement Administrator, which must be postmarked or received no later than **[DATE]**. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendants over the legal issues in the lawsuit. If you do not exclude yourself, you and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than **[DATE]**. Specific instructions about how to object to, or exclude yourself from (or "opt out" of), the settlement are available at **www.powerschoolnaviancesettlement.com**. If you file a claim or do nothing, and the Court approves the settlement, you will be bound by all of the Court's orders and judgments. In addition, all of your claims relating to the Defendants' acts and /or omissions will be released.

**Who Represents Me?** The Court has appointed Scott R. Drury of Drury Legal, LLC, to represent the Settlement Class. This attorney is called Class Counsel. You will not be charged for Class Counsel. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at **[TIME] CT on [DATE]**, in Courtroom 1903 at the Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, IL 60604. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and reimbursement of costs and expenses; and decide whether to award the Class Representative up to $5,000 as a service award from the Settlement Fund for his service in helping to bring and settle this case. Class Counsel may request reasonable attorneys' fees in an amount not to exceed 37% of the Settlement Fund, less Settlement Administration Expenses, litigation costs and expenses, and any service award, but the Court may award less than this amount. Class Counsel may also seek reimbursement of reasonable costs and expenses, as approved by the Court.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form, and the operative settlement agreement go to **www.powerschoolnaviancesettlement.com**, contact the Settlement Administrator at **(833) 447-8852** or *Q.J. v. PowerSchool Holdings LLC*, c/o Kroll Settlement Administration LLC, P.O. Box 225391, New York, NY 10150-5391.